## BERRY v. METZLER et al.

It is not good ground for a new trial, that the defendant discovered material testimony at too late a period to produce the same at the trial. It would, however, be good ground on which to base a motion for continuance.
A party is bound to know the materiality of testimony, except in the case of surprise at trial.

APPEAL from the County Court of Nevada County.

This case was tried before a justice of the peace, verdict and judgment for plaintiff, and appeal taken to the County Court; verdict and judgment again for plaintiff. Defendants moved for a new trial, based upon the affidavit of defendant Metzler. Motion overruled, and exception and appeal taken.

*Francis J. Dunn* for Appellants.

*Dibble & Lansing* for Respondent.

BURNETT, J., after stating the facts, as above, delivered the opinion of the Court—MURRAY, C. J., concurring.

The affidavit upon which the motion for a new trial was alone based, does not state that the evidence itself was not discovered until *after* the trial, but only that the defendants "were not aware of the materiality of the testimony until too late to procure it in time to use on the trial." It was not stated that the *materiality* of this testimony was discovered too late to apply for a continuance. No ground for surprise is stated, nor is it stated that the testimony was not cumulative. The materiality of the testimony is so evident, that due diligence could not have mis-

taken it.  A party is bound to know the materiality of testimony known to him, except in cases of surprise at the trial.  And when the party discovers new testimony *before* the trial, but too late to procure it, he should apply for a continuance.

Judgment affirmed.