[No. 13893.   Department Two. — December 9, 1891.]

## GOTLIEB KENEZLEBER, RESPONDENT, v. CHRIST WAHL, APPELLANT.

NEW TRIAL — SURPRISE — NEWLY DISCOVERED EVIDENCE — SALE OF SALOON — COUNTERCLAIM FOR GOODS SOLD — PAYMENT OF NOTE. — In an action upon a promissory note, where the answer denied the allegations of the complaint, and set up as a counterclaim an account for "goods, wares, and merchandise sold and delivered to the plaintiff," and the defendant, in support of his answer and counterclaim, testified that he had paid the note in full by the sale to the plaintiff of a saloon, and of wines, liquors, and cigars, the plaintiff could not from the allegations of the answer anticipate such evidence; and the granting of a new trial to the plaintiff on the ground of surprise and newly discovered evidence, show-ing that the plaintiff never had the possession or control of the saloon, and that it was retained by the defendant, and sold by him to other par-ties, is proper.

ID. — NEW EVIDENCE IN REBUTTAL — IMPEACHMENT — CUMULATIVE EVI-DENCE — DECLARATIONS AND ACTS NOT PROVED AT TRIAL. — Newly dis-covered evidence which tends to prove that the declarations and acts of the defendant were in direct conflict with his testimony given at the trial in proving his defense, no evidence having been given upon the trial of such declarations and acts, is neither incompetent, impeaching, nor cumulative, but is original evidence, going directly to the merits of the case, and competent if defendant had not been a witness in his own behalf, and not additional evidence of the same character going to the same point.

ID. — DILIGENCE IN DISCOVERY OF NEW EVIDENCE. — It is sufficiently shown that the newly discovered evidence relied upon by the plaintiff could not have been, with the exercise of reasonable diligence, discovered and produced at the trial, where it appears that the witnesses whose proposed testimony was desired resided about one hundred miles away from the place of trial; that the first knowledge that plaintiff had of the particular nature of defendant's case was obtained from the testimony of the defendant himself upon the trial; and that he had no knowledge of the new evidence or of the witnesses by whom it could be established until after the trial.

ID. — DISCRETION OF TRIAL COURT. — The granting of a new trial on the ground of surprise or of newly discovered evidence is largely matter of discretion, and the trial judge is generally in a much better position for the proper exercise of such discretion than the appellate court.

ID. — DOUBT AS TO CUMULATIVE EVIDENCE — ORDER GRANTING NEW TRIAL — REVIEW ON APPEAL. — Where the question as to whether newly discovered evidence upon which a new trial is asked is cumulative is involved in doubt, an order granting a new trial therefor will not be disturbed upon appeal, where there has been no manifest abuse of discretion by the trial court.

APPEAL from an order of the Superior Court of Contra Costa County granting a new trial.

The facts are stated in the opinion.

*W. A. Gett, Jr.,* and *C. Y. Brown,* for Appellant.

A new trial should not have been granted, as the testimony offered in the affidavits was not material to the issue, was cumulative, and tended to impeach the testimony offered at the trial. (*Gaven* v. *Dopman,* 5 Cal. 342; *Lander* v. *Miles,* 3 Or. 43; Hayne on New Trial and Appeal, sec. 90.) The discovery of material testimony too late for trial is not a reason to grant a new trial on the ground of newly discovered evidence. If the testimony, though, had come to the knowledge of the plaintiff during the trial, it would have been a ground for continuance. (*Berry* v. *Metzler,* 7 Cal. 418; *Klockenbaum* v. *Pierson,* 22 Cal. 163; *Ah Jack* v. *Tide-land Rec. Co.,* 61 Cal. 56; *Bailey* v. *Richardson,* 66 Cal. 423; 56 Am. Rep. 102.) ·The fact that the affidavits present new testimony which is cumulative is not a sufficient showing to entitle the moving party to a new trial on the ground of newly discovered evidence. (*Ah Jack* v. *Tide-land Rec. Co.,* 61

Cal. 56; *People* v. *Chin Ah Hong*, 61 Cal. 376; *Wilson* v.
*S. P. R. R. Co.*, 62 Cal. 164; *Reed* v. *Drais*, 67 Cal. 493;
*McCormick* v. *Central R. R. Co.*, 75 Cal. 507; *Crystal
Lake Ice Co.* v. *McAulay*, 75 Cal. 632; Hayne on New
Trial and Appeal, sec. 88.) Newly discovered evidence
must be fully set forth in the affidavit used on motion
for a new trial, or the motion must be overruled. (*Perry*
v. *Cochran*, 1 Cal. 181.) Newly discovered evidence
which is of such a character that it only tends to either
contradict the testimony of some witness at the trial, or
impeach his testimony, is not the class of evidence upon
which a new trial should be granted. (*Stoakes* v. *Monroe*,
36 Cal. 388; *People* v. *Anthony*, 56 Cal. 399; *People* v. *Gold-
enson*, 76 Cal. 352; *Brown* v. *Grove*, 116 Ind. 84; 9 Am. St.
Rep. 825.) The affidavits should show due diligence in
preparing for trial, and it is not a good ground for new
trial that the plaintiff discovered after the trial of the
cause that he could contradict the defendant by witnesses
besides himself, after he had testified directly opposite
to the defendant on the trial, and to the same general
facts that are presented by the affidavits on the motion
for a new trial. (*Boot* v. *Brewster*, 75 Iowa, 631; 9 Am.
St. Rep. 515; *Estate of Cartery*, 56 Cal. 474; *People* v.
*Cummings*, 57 Cal. 91; *Schnurr* v. *Stults*, 119 Ind. 429.)
Newly discovered evidence should not be considered on
motion for new trial, unless the affidavits present a class
of evidence that would have been received on the trial
of the cause. (*People* v. *Voll*, 43 Cal. 168.) The affida-
vits used on motion for new trial on the ground of newly
discovered evidence must show affirmatively that the
evidence is not only new, material, and not cumulative,
but also that the applicant has used due diligence in
preparing his case for trial; that the new evidence was
discovered after the trial, and will be important, " and
will tend to prove facts which were not directly in issue
at the trial," or were not then known or investigated
by proof. (*Bartlett* v. *Hogden*, 3 Cal. 58; *Brooks* v. *Lyon*, 3
Cal. 114; *Arnold* v. *Skaggs*, 35 Cal. 688; *Stoakes* v. *Monroe*,
36 Cal. 388; *Russell* v. *Dennison*, 45 Cal. 339; *People* v.

*Woods*, 65 Cal. 121.)    Where a litigant proves the best
case he can, he should not be granted a new trial to
try to prove a better one.    (*Griffith* v. *Moss*, 47 Cal. 570.)
And a party cannot be surprised at the other making
good by proof a fact (i. e., payment) put in issue by
the pleadings.    (*Armstrong* v. *Davis*, 41 Cal. 499.)    In
this case, the answer alleged that defendant was not in
debt to the plaintiff, but that he was in defendant's
debt; and that fact was put squarely in issue by the
plaintiff filing his answer to the cross-complaint and
counterclaim.    (*Dewey* v. *Frank*, 62 Cal. 347.)

*G. W. Bowie*, for Respondent.

There is no presumption that newly discovered evi-
dence is cumulative.    It must be shown by counter-affi-
davits.    (*Hobler* v. *Cole*, 49 Cal. 250.)    Admissions and
conversations of a defendant the purport of which is in
direct conflict with his testimony in the case and with
the theory of his defense are not impeaching, but origi-
nal evidence.    (*Alger* v. *Merritt*, 16 Iowa, 121.)    The rule
is well settled that an order granting a new trial will not
be reversed on appeal, if it can be justified on any of the
grounds upon which the motion was made.    (*Nally* v.
*McDonald*, 77 Cal. 284; *Harnett* v. *C. P. R. R. Co.*, 78 Cal.
31; *Curtiss* v. *Starr*, 85 Cal. 376; *Townsend* v. *Briggs*, 88
Cal. 230.)    The testimony contained in the affidavits is
material to the issue in this action, and of so important
a character that it may reasonably be inferred the ver-
dict would have been different if the newly discovered
evidence had been in on the former trial.    (*Stoakes* v.
*Monroe*, 36 Cal. 388.)

FITZGERALD, C. — This is an appeal by the defendant
from an order granting plaintiff's motion for a new
trial on the grounds of newly discovered evidence, and
of surprise at the trial.

The action was brought by plaintiff on a promissory
note executed to him by the defendant for $1,080.    The
answer contains a general denial of the allegations of the

complaint, and sets up, by way of counterclaim, plaintiff's indebtedness to defendant in the sum of $1,557.88, "for goods, wares, and merchandise sold and delivered to the plaintiff, and for cash loaned, paid out, and advanced to plaintiff, between the nineteenth day of May, 1886, and the eighth day of October, 1888, upon open, current, running, and mutual account by and between the parties hereto."

The trial of the issues thus joined resulted in a verdict and judgment for the defendant, which the plaintiff moved to set aside and vacate, and to grant a new trial, on the following among other statutory grounds: "Accident and surprise which ordinary prudence could not have guarded against; newly discovered evidence material for the plaintiff, which he could not with reasonable diligence have discovered."

The defendant, by way of defense, and in support of his counterclaim, gave evidence tending to show the payment in full of the note sued on, by the sale to plaintiff of a saloon theretofore owned and conducted by defendant in the town of Galt, and by the further sale and delivery to him, at his instance and request, of wines, liquors, and cigars, and the advancement of money at different times extending over a period of more than twenty-eight months, wherefore and by reason of which plaintiff became and is indebted to him in excess of the amount stated on the face of the note in the sum of $377.

The newly discovered evidence set forth in the moving affidavits, identified by the judge as having been used at the hearing of the motion, and not answered by counter-affidavits, is to the effect that, during the whole of the time the plaintiff resided in Galt, he was in the employ of the defendant as the manager of his saloon in that place; that over the door thereof was a sign with the name of the defendant painted thereon as proprietor, and that he was never at any time engaged in any kind of business in that place for himself; that about two months before the saloon was closed and the business discon-

tinued, and something like twelve months subsequent to the alleged sale of the saloon to plaintiff, the defendant offered it for sale as his property; that when the place was closed he was in the possession of it, and at that time he stated to others, in the presence of the plaintiff, who did not dispute it, that the saloon, and the wines, liquors, cigars, and other property therein contained, belonged to him, all of which he, as the owner thereof, afterwards sold and disposed of to persons other than the plaintiff, or removed, or caused to be removed, from the premises; that during all of this time the defendant was the lessee in possession of the premises used as a saloon as aforesaid, and the rent therefor was paid by him, and the licenses which hung upon the wall were issued to him.

Upon this showing in support of the motion, the court, on the grounds stated, ordered that the verdict and the judgment entered thereon be set aside and vacated, and a new trial granted, from which order this appeal is taken by the defendant.

It is insisted by appellant that if plaintiff had used due diligence he could not reasonably have been surprised by the testimony given by the defendant on the trial of the case, and further, that the new trial was not granted on the ground of surprise.

We cannot adopt the views of appellant in relation to this question, as it is evident from the language of the order that the ground of surprise was considered by the court in passing on the motion, and properly so, too, for the reasons given by the respondent, that "the answer and so-called cross-complaint do not disclose the nature of defendant's case; that there is no intimation in either of them that he had sold or turned over to plaintiff the saloon at Galt, or that he had sold or furnished him any liquors, beer, and cigars on his account; plaintiff, therefore, could not anticipate the character of the defense."

The question of a new trial on the ground of surprise is largely one of discretion, and the judge who tried the case is generally in a much better position for the proper exercise of such discretion than an appellate court.

It is further claimed by appellant that the alleged newly discovered evidence was incompetent, impeaching, and cumulative, and that if it had been heard at the trial it would not have changed the result.

It appears that the evidence which is claimed to be newly discovered was perfectly competent, because by it plaintiff proposed to prove that the declarations and acts of the defendant were in direct conflict with the testimony given at the trial. It was therefore material to the issue, because it was original, and goes directly to the merits of the case, and was not offered merely for the purpose of impeachment. It would have been competent even if the defendant had not been a witness in his own behalf.

Nor was it cumulative, for the reason that it "is not additional evidence of the same character to the same point." (Code Civ. Proc., sec. 1838.)

Nor was there any evidence whatever given upon the trial of the case of the declarations and acts of the defendant as set forth in the affidavits. It therefore follows that such evidence was entirely new, distinct, and material to the issue, and it is perfectly fair to presume that if it had been produced before the jury at the trial of the case, the verdict would have been different. (*Stoakes* v. *Monroe*, 36 Cal. 388.)

We would state in this connection that where the question as to whether the evidence is cumulative is involved in doubt, it then becomes a matter of discretion; and unless there has been a manifest abuse of it by the trial court, this court will not interfere.

It is lastly contended that the newly discovered evidence, which is claimed to be material for the plaintiff, could have been, with the exercise of reasonable diligence, discovered and produced at the trial.

It appears that the case was tried at Martinez, in Contra Costa County, and that the individuals whose proposed testimony is contained in the affidavits resided, at the time of the trial, in Galt, Sacramento County, a distance of about one hundred miles from Martinez;

that the first knowledge that plaintiff had of defendant's case was obtained from the testimony of the defendant while he was testifying as a witness in his own behalf on the trial of the case; that he did not ask for a continuance, because at no time before or during the trial did he have any knowledge of any witnesses by whom he could establish the evidence set forth in the affidavits, and for the further reason that the facts disclosed thereby did not come to his knowledge until after the trial.

It is therefore evident that the plaintiff possessed no means by which he could discover the evidence which is alleged to be newly discovered, and that he had no knowledge of the evidence, or of the witnesses by whom it could be established, until after the trial.

As we are clearly of the opinion that the ends of justice will be best answered by a new trial, we recommend that the order appealed from be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.