F. H. MALLY, Appellant v. P. F. MALLY.

**Motion for New Trial:**  WHAT IS.  Where, after a final submission of a cause ,the defendant filed an amended motion, supported by affidavits, asking that the submission and decree be set aside and that he be permitted to introduce additional evidence, on the ground of surprise and newly-discovered evidence, which are grounds for a new trial, under Code, section 3755, subdivisions 3, 7, the court had power to grant such a motion, since it was one for a new trial, and not one to re-open the case and permit the introduction of further testimony.

CUMULATIVE EVIDENCE:  *What is not.*  In a suit to set off plaintiff's interest in certain land and quiet his title thereto, which he claimed to have purchased with the proceeds of other land, evidence of the purchaser as to the price at which such other land was sold, which was less than plaintiff claimed, and insufficient to enable him to make the payment as claimed, was

not cumulative, where there was no definite evidence on that point at the trial.

NEGLIGENCE.  The purchaser being a resident of a distant part of the state, and, in correspondence with defendant before the trial, having never said anything with regard to the purchase price, defendant was not guilty of negligence in not securing his evidence on the first trial.

*Same.*  Where defendant at the trial knew nothing of certain admissions of a material nature made by plaintiff to a witness, he was not guilty of negligence in not procuring such evidence, so as to prevent a new trial on the ground of newly-discovered evidence.

*Appeal from Polk District Court.*—HON. S. F. PROUTY, Judge.

TUESDAY, MAY 28, 1901.

ONE Catherine Mally died testate on September 21, 1898, seised of two tracts of land,—one of 80 acres, and the other of 22 6-100 acres. The parties hereto are sons of said Catherine Mally, who in her will gave a legacy of $600 to plaintiff, and all of her real estate to defendant. It is claimed on behalf of plaintiff that he and his sister purchased the 80-acre tract in the year 1865, paying in equal shares therefor; that at the same time, and from the same grantor, Catherine Mally purchased the 22 6-100 acres; that but one conveyance was made, which included both tracts, and that was to Catherine Mally,—it being the intention of plaintiff and his sister that their mother should have a life interest in the 80-acre tract. It is plaintiff's contention here that he is the owner of one-half the 80-acre tract, which, as he asserts, his mother held in trust. This action was brought in equity to have his interest set off and his title quieted. There was a decree for plaintiff, which, upon defendant's motion, was set aside. The character of the motion will be considered in the opinion. From this order plaintiff appeals.—*Affirmed.*

*E. P. Hudson* and *W. D. Evans* for appellant.

*Brennan & Brennan* for appellee.

WATERMAN, J.—After the evidence was all in, the court orally announced its decision on the merits of the case, which was in plaintiff's favor, and ordered a form of decree prepared. In conformity therewith, counsel for plaintiff prepared a decree, which was duly signed by the judge on the eighteenth day of March, 1899. On the twenty-first of March defendant filed the following motion, which was supported by affidavits, the nature of which we shall have occasion to review to some extent hereafter: "Comes now P. F. Mally, the defendant in the above-entitled cause, and moves the court to set aside the submission and decree entered in this cause on the 18th day of March, A. D. 1899, and to permit the defendant herein to introduce new, additional, and further testimony and evidence on his behalf, which the defendant was unable to produce at the former hearing of this cause, and in support of this motion refers the court to the affidavit hereto annexed and made a part hereof." On the thirtieth day of the same month this motion was amended as follows: "Comes now P. F. Mally, the defendant in the above-entitled action, and, by way of amendment to his motion heretofore filed in this cause to set aside the submission and decree, and to permit this defendant to introduce new, additional, and further testimony in said cause, states as the grounds of such motion: First, surprise which ordinary prudence could not have guarded against; second, newly-discovered evidence affecting materially the substantial rights of the defendant, and which he could not, with reasonable diligence, have discovered and produced at the former hearing of this cause. Defendant, in further support of said original motion and this amendment thereto, also refers the court to the affidavits of George A. Troeger and William E. Mally, which said affidavits are hereto annexed and made a part hereof." There was no objection made by plaintiff to the filing of this amendment. Appellant insists that the case could not be reopened, after the final submission, for the introduction of further evidence,

and cites in support of this position *Dunn v. Wolf,* 81 Iowa, 688. This claim, for present purposes, may be conceded; and, we may add, the fact that the case had been finally submitted is not open to controversy. But does the case at bar come within the rule announced in *Dunn v. Wolf?* As amended, this motion was one for a new trial. The grounds stated, of surprise and newly-discovered evidence, are statutory grounds upon which a new trial may be granted. Code, section 3755, subdivisions 3, 7. We are convinced that the trial court so treated the motion, for it did not merely reopen the case and permit the introduction of further testimony; it set aside the judgment, and left the case on the docket for another trial. Treating the motion as one for a new trial, and it is manifest the court had power to grant it. Was it justified in doing so? is the next question. The justification, if any, is to be found in the ground of newly-discovered evidence. It seems that plaintiff had no funds when he claims to have purchased and paid for one-half of the 80-acre tract in 1865, save what he obtained from the sale to one Troeger of some land in Clayton county. In accounting for the money paid for the 80 and for some other land bought at the same time, and what was paid for the tract bought by his mother, whose sole means came, also, from the sale of the Clayton county land, plaintiff claims that the purchase price of that land was $4,300. A part of the new evidence consists of the testimony of the purchaser of such land to the effect that he paid but $3,700 therefor. If the amount paid was but $3,700, it was insufficient to enable plaintiff to make the payments he claims to have made out of the funds so received. Certainly this testimony was of a character to make it admissible. This evidence was not cumulative, for there was no testimony on the trial of a definite or admissible character on this point. The evidence of a brother of the parties was also offered as to admissions made by plaintiff. These, too, were of a material nature. This witness had testified on the trial upon another

point, but, as it appears, defendant then knew nothing of
these admissions. It is claimed that defendant was negli-
gent in not securing this evidence on the first hearing.
Troeger lived in the northern part of the state, and defend-
ant was in correspondence with him before the trial, but
nothing was said of this matter; and the other witness, as
we have said, testified on another subject on the trial. A
large discretion is vested in the trial court in matters of this
kind. We are slow to reverse where a new trial is granted.
*Murray v. Weber,* 92 Iowa, 757, is quite as strong a case as
this in favor of the appellant on the matter of diligence,
and we there sustained the action of the trial court in set-
ting aside the judgment. Without intending to express an
opinion as to the weight or effect of the testimony in this
case, we may say that in some of its features it was peculiar;
and, if the trial court was not satisfied that justice was done
by its first conclusion, it was its duty to take the action it
did.—Affirmed.

Mт. Vernon Stone Company v. J.R. Sheely & Co. *et al.,*
Appellants.

Evidence: WHAT IS NOT PAROL VARIANCE. The parties contracted
in writing that plaintiff would furnish defendant a specified
amount of cut stone, of certain dimensions and quality at the
place and time therein stated, for a fixed price per yard. At
the same time they agreed orally that defendant should have
a derrick ready to receive the stone by a specified date; that with
each load of stone delivered plaintiff would furnish a ticket
showing the measurement, and any controversy as to the
measurement or the quality of the stone should be settled be-
fore the stone was used. *Held,* that evidence of such oral
agreement was admissible since it did not dispute or change
the written contract or affect any of its terms.

Appeal: INSTRUCTION NOT EXCEPTED TO: *Law of case.* Defendant
failed to perform an agreement to erect a derrick at a certain
time to receive and unload stone furnished by plaintiff, and