CITIZENS' BANK OF DRAYTON, a Corporation, v. A. SCHULTZ.

(132 N. W. 134.)

**Appeal and Error — Grant of New Trial — Grounds.**

1. An order granting a new trial will not be disturbed on appeal where the record discloses any tenable ground in support of such order.

**New Trial — Newly Discovered Evidence.**

2. Among the grounds on which a motion for a new trial was predicated is that of newly discovered evidence. In support thereof respondent furnished an affidavit showing admissions made by appellant to a third person prior to the trial, having, on appellant's theory of the case, very material relevancy to an important issue of fact. Respondent did not acquire knowledge of such admission until after the trial.

*Held,* that such newly discovered evidence was amply sufficient to warrant a new trial.

Opinion filed June 1, 1911.

Appeal from District Court, Walsh county; *W. J. Kneeshaw,* Judge.

Action by the Citizens' Bank of Drayton against August Schultz. From an order granting a new trial after judgment for defendant, defendant appeals.

Affirmed.

*C. A. M. Spencer,* for appellant.

Failure to protest and notify of dishonor releases indorser. Bank of Gilby v. Farnsworth, 7 N. D. 6, 38 L.R.A. 843, 72 N. W. 901; 2 Dan. Neg. Inst. §§ 970, 1039, 1464; 2 Edwards, Bills & Notes, §§ 790, 829, 833; Carroll v. Sweet, 128 N. Y. 19, 13 L.R.A. 43, 27 N. E. 763; Mohawk Bank v. Broderick, 10 Wend. 304; Rev. Codes 1905, §§ 6368, 6391, 6398, 6404, 6406, 6498; 2 Dan. Neg. Inst. §§ 1170, 1172; Grimes v. Tait, 21 Okla. 361, 99 Pac. 812; Citizens' Bank v. Third Nat. Bank, 19 Ind. App. 69, 49 N. E. 171; Brown v. Ferguson, 4 Leigh, 37, 24 Am. Dec. 707; Page v. Loud, Harp. L. 269, 18 Am. Dec. 650; Nash v. Harrington, 2 Aik. (Vt.) 9, 16 Am. Dec. 672.

Substitution of a new debtor releases indorser. Illinois L. Ins. Co. v. Benner, 78 Kan. 511, 97 Pac. 438; Parsons Mfg. Co. v. Hamilton Ice Mfg. Co. 78 N. J. L. 309, 73 Atl. 254.

*Scott Rex,* for respondent.

An order granting a new trial will be sustained on appeal if any of the grounds for the motion are good. Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314; Roberts v. First Nat. Bank, 8 N. D. 474, 79 N. W. 993; Bothell v. Hoellwarth, 10 S. D. 491, 74 N. W. 231; State v. Hammond, 14 S. D. 545, 86 N. W. 627; Gooler v. Eidsness, 18 N. D. 338, 121 N. W. 83.

The trial court has a wide discretion as granting new trials on grounds of surprise, accident, newly discovered evidence, and insuffi-

ciency of evidence, and will be reversed only for abuse. Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63; Dinnie v. Johnson, 8 N. D. 153, 77 N. W. 612; Gull River Lumber Co. v. Osbrone McMillan Elevator Co. 6 N. D. 276, 69 N. W. 691; Patch v. Northern P. R. Co. 5 N. D. 55, 63 N. W. 207; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; Gooler v. Eidsness, 18 N. D. 338, 121 N. W. 83; Nilson v. Horton, 19 N. D. 187, 123 N. W. 397.

Appellant could sue for money had and received, and show the indorsement was to facilitate collection. Dickinson v. Burke, 8 N. D. 118, 77 N. W. 279; Spencer v. Sloan, 108 Ind. 183, 58 Am. Rep. 35, 9 N. E. 150; 8 Cyc. 225, 262, 265; Dale v. Gear, 38 Conn. 15, 9 Am. Rep. 353; Lovejoy v. Citizens' Bank, 23 Kan. 333; Dan. Neg. Inst. § 720; True v. Bullard, 45 Neb. 409, 63 N. W. 824.

Where a check is dishonored in the indorsee's hands, and he knows it, he is not entitled to notice. Dan. Neg. Inst. § 1596; 7 Cyc. 1131; Williams v. Brobst, 10 Watts, 111; First Nat. Bank v. Currie, 147 Mich. 72, 9 L.R.A.(N.S.)698, 118 Am. St. Rep. 537, 110 N. W. 499, 11 A. & E. Ann. Cas. 241; Humphries v. Bicknell, 2 Litt. (Ky.) 297, 13 Am. Dec. 268.

Burden was on respondent to prove novation. Lokken v. Miller, 9 N. D. 512, 84 N. W. 368; 22 Am. & Eng. Enc. Law, p. 555; Combination Steel & I. Co. v. St. Paul City R. Co. 47 Minn. 207, 49 N. W. 744; Willow River Lumber Co. v. Luger Furniture Co. 102 Wis. 636, 78 N. W. 762; 30 Cyc. 194, note 33.

There was no novation. Rev. Codes 1905, § 5274; 29 Cyc. 1130, 1139; Haubert v. Mausshardt, 89 Cal. 433, 26 Pac. 899; 21 Am. & Eng. Enc. Law, pp. 666, 672; Johnson v. Rumsey, 28 Minn. 531, 11 N. W. 69; Hanson v. Nelson, 82 Minn. 220, 84 N. W. 742; Lowe v. Blum, 4 Okla. 260, 43 Pac. 1063; McAllister v. McDonald, 40 Mont. 375, 106 Pac. 882.

FISK, J. Action for money had and received. Defendant had judgment in the court below, and thereafter plaintiff moved for a new trial basing its motion upon the ground, among others, of newly discovered evidence, and from an order granting such motion, this appeal is prosecuted. The record does not disclose the ground upon which such motion was granted, but it is well settled that such order will not be disturbed if there is any tenable ground for its support. Gooler v. Eids-

ness, 18 N. D. 338, 121 N. W. 83; Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314.

We are entirely convinced that the learned trial court did not abuse its discretion in making the order complained of. While, as before stated, the order does not disclose the ground or grounds upon which it was made, we think the showing of newly discovered evidence amply justified the order complained of, and we deem it unnecessary to notice the other grounds of the motion.

The facts necessary to an understanding of the question presented are briefly as follows: On May 3, 1907, defendant received from the Drayton Milling Company a check drawn on the First National Bank of Drayton in payment for certain grain, and took it to plaintiff bank to be cashed. No one in the latter bank at his first visit knew him, and the check was not cashed. He then took it to the First National Bank and presented it for payment, and was informed that there were no funds in such bank available for its payment and that the check was not good. He then procured a person to identify him, and returned to plaintiff bank, where he obtained the money on such check. He was not a depositor in such bank, and the check was cashed purely as an accommodation, and without the knowledge that it had been presented for payment to the First National Bank and payment refused, and plaintiff bank did not learn of the worthlessness of the check until later in the day when it presented the check for payment at the First National Bank and such payment was refused. The record discloses that the milling company was insolvent and went out of business about a week after such transaction took place. In his answer defendant alleges that plaintiff was negligent in not protesting the check and giving him notice of its nonpayment; and he alleges damages resulting therefrom, and also alleges payment of such check, but he furnished no proof in support of these allegations, except that plaintiff bank took from an officer of the milling company a demand note for the amount of the check, but no part of which note has ever been paid, and plaintiff offered to surrender such note to the defendant at the trial. At the conclusion of the trial, both parties having moved for a directed verdict, the court withdrew the case from the consideration of the jury, and made findings and conclusions in defendant's favor, and judgment was ordered and entered thereon.

Defendant at the trial sought to show that he was unable to read English, and did not know what bank the check was drawn on, and

that he did not understand that the officer of the First National Bank declined payment thereof upon the ground that the milling company had no funds on deposit to pay the same. On the theory of the law of the case most favorable to defendant, it became and was a material fact under the pleadings whether, prior to the time he procured plaintiff bank to cash the check, he had knowledge that the check was drawn on the First National Bank and that such bank had declined payment for lack of funds. If, with knowledge of these facts, he procured the plaintiff bank to cash this worthless check, his acts in so doing would amount to a fraud.

In support of its motion upon the ground of newly discovered evidence, plaintiff produced the affidavit of one Olson, and also an affidavit of its cashier, one Colley. Olson's affidavit, omitting formal parts, is as follows:

"O. C. Olson came before me personally, and being duly sworn, says that he resides in Drayton in said county and state; that he is by occupation an implement dealer; that on or about May 15th, 1907, affiant was in the office of Olson & Sons, at Drayton, North Dakota; that August Schultz, the defendant above named, was then present in said office, and that, in the course of conversation relative to the affairs of the Drayton Milling Company, the said Schultz stated that he was nearly caught by the mill company; that he, the said Schultz, had got a check from the mill company and went to the bank to cash it, but was refused; and that he then went over to the other bank, and got his money on such check, and that he, the said Schultz, was too smart for them, meaning, as affiant understood, that the said Schultz was too smart for the bank people who cashed the check; and that, as affiant understood, the check referred to by said Schultz in the above-mentioned statements by him was and is the same check which affiant is informed is in litigation in the above-entitled action.

O. C. Olson.

Colley's affidavit, omitting formal parts, is as follows:

J. G. T. Colley came before me personally, and, being sworn, says that during the times mentioned in the pleadings in the within-entitled action, he was the cashier of the plaintiff bank, and as such had active

charge and control thereof and of the within-entitled litigation; that during said time he was slightly acquainted with defendant; that defendant is, as affiant is informed and believes, of German birth and descent, but that he has lived for many years in the locality where he now lives, surrounded by farmers of other nationalities; that the defendant speaks and understands the English language without difficulty, and, as affiant verily believes, is a shrewd, intelligent, and well-informed man.

That affiant had no reason to apprehend, and did not apprehend, that defendant on the trial of said action would deny that he knew what bank the check in suit was drawn upon, and that plaintiff was taken by surprise by the testimony of defendant touching such matter.

That since the trial of said action, affiant has learned that shortly after the occurrence of the matters in controversy herein, defendant stated to one O. C. Olson, at Drayton, North Dakota, in substance that after payment of the check in suit had been refused by the bank on which it was drawn, he, the defendant, procured the same to be cashed at plaintiff bank, with the intent to cheat and defraud the plaintiff,—all as stated in the affidavit of said Olson hereto attached,—and that such statements and admissions of defendant were not known to affiant until after the trial of this case; that, if a new trial of this case is granted, the said Olson will testify as in his said affidavit stated.

J. G. T. Colley.

In rebuttal of such affidavits, defendant made an affidavit in which he states that while he has no present recollection of having the conversation referred to in Olson's affidavit, he might have made the statements herein set forth, but that if he did make the statement "that he was too smart for them," that he had reference to the Drayton Milling Company, and did not mean the plaintiff in this action, as he did not, at that time have any knowledge that said plaintiff had in any manner lost anything by reason of cashing the check for him, and did not receive any information or knowledge thereof until notified by plaintiff on or about July 20th, 1907. He then denies having any intention of cheating or defrauding the plaintiff. The facts set forth in Olson's affidavit, if testified to at the trial, might and probably would have a very material effect on the issue of defendant's good faith in presenting the check for payment at plaintiff's bank. That such ad-

mission or statement claimed to have been made by defendant to Olson is newly discovered evidence, and that such affidavits furnish ample ground for the order complained of, we entertain no doubt. As lending support to our views, see 29 Cyc. 906; Missouri P. R. Co. v. Lovelace, 57 Kan. 195, 45 Pac. 590; Mally v. Mally, 114 Iowa, 309, 86 N. W. 262; Kenezleber v. Wahl, 92 Cal. 202, 28 Pac. 225; Felver v. Judd, 81 Ill. App. 529.

The order appealed from is affirmed.

MORGAN, Ch. J., took no part in the decision, HON. A. G. BURR, Judge of the Ninth Judicial District, sitting in his place by request.