[Civ. No. 10318. Second Appellate District, Division One.—September 16, 1935.]

WILLIAM LAWRENCE KOHLHAUER, Respondent, v. BEN BRONSTEIN, Appellant.

Gibson, Dunn & Crutcher and Philip C. Sterry for Appellant.

Gretchen Wellman and George P. Kinkle for Respondent.

CONREY, P. J.—This action was brought by the plaintiff to recover damages for personal injuries received as the result of a collision between an automobile driven by the defendant and a motorcycle driven by the plaintiff. Trial of the case before a jury resulted in a verdict in favor of the defendant. Thereafter the court granted plaintiff's motion for a new trial on the ground of insufficiency of the evidence to sustain the verdict "and other grounds of the motion", which included newly discovered evidence. Defendant appeals from that order. The stated ground of appeal is that the court erred in granting the motion for a new trial. Appellant in his brief argues that this is so for the reason that the evidence by an overwhelming preponderance thereof, conclusively establishes the fact that the defendant was not guilty of negligence proximately causing injury to the plaintiff and that the collision between defendant's automobile and the plaintiff's motorcycle was proximately caused by the negligence of the plaintiff and that the court erred in granting the motion for a new trial upon the ground of the insufficiency of the evidence; and for the further reason that the affidavits filed in support of the motion for a new trial and particularly in support of that portion thereof based on the ground of newly discovered evidence are insufficient, being merely cumulative and of an impeaching character, and that in granting the motion for a new trial upon the ground of newly discovered evidence the learned court was guilty of manifest abuse of discretion.

Now comes the respondent and moves to dismiss the appeal or to affirm the order; one of the grounds of the motion being that the questions upon which the decision of the cause depends are so unsubstantial as not to need further argument.

Giving to the brief of appellant all the consideration that it will bear, we are of the opinion that the motion to affirm should be granted. It is true that the record of the trial furnishes scarcely a scintilla of evidence of negligence on the part of the defendant. Also the evidence of contributory negligence of the plaintiff is substantially conflicting, to an extent which would have furnished a legal foundation for a verdict either for or against contributory negligence. Assuming that on such record it would have been the duty of the court to deny a new trial, we are met with additional facts in the form of affidavits showing newly discovered evidence pertinent to the issues of the case, and especially pertinent to the defendant's negligence. Appellant insists that these affidavits are insufficient to justify a new trial, and that they are merely of a cumulative and impeaching character. We are of the opinion, however, that these affidavits import into the case additional facts which, more than any of the evidence received at the trial, tend to establish negligence on the part of the defendant. Indeed, appellant admits that this is so but argues that this newly offered evidence does not tend to establish plaintiff's freedom from negligence, and therefore is not a statement of facts which would render a different result probable.

On the hearing for the motion for a new trial the court had before it not only a record upon which there was evidence legally sufficient to have justified a finding in favor of the plaintiff on the charge of contributory negligence, but also an offer of additional and newly discovered evidence, which together with the other evidence in the case probably would be sufficient in law to sustain a finding of negligence on the part of the defendant. It has been said that a new trial should not be granted upon the ground of newly discovered evidence, unless the showing as to such newly discovered evidence is sufficiently strong to render a different result probable. But it is also an established rule that the question as to whether such a showing is made is one that is addressed to the sound legal discretion of the trial court, and the action

of that tribunal in regard thereto will not be disturbed, except in cases of manifest abuse. ■ When such a motion is presented to a trial court it is the right and the duty of the court to weigh and consider the evidence for both parties and determine for itself the just conclusion to be drawn from it, and if the court is satisfied that the finding of the jury is contrary to the weight of the evidence, or that the addition of the newly discovered evidence might reasonably be expected to produce a different result, the court may grant a new trial, and the order so made will not constitute an abuse of discretion. (*People* v. *Radz,* 119 Cal. App. 435, 436 [6 Pac. (2d) 527] ; *Malloway* v. *Hughes,* 125 Cal. App. 573, 580 [13 Pac. (2d) 1062].)

The order is affirmed.

Houser, J., and York, J., concurred.