[Civ. No. 7405.   Third Dist.   Nov. 4, 1947.]

ALEXANDER MacKENZIE, Respondent, v. ELMER K. ANGLE et al., Defendants; ELLA M. ANGLE, Appellant.

Chester O. Hansen, John Said and Linneman & Burgess for Appellant.

C. Ray Robinson and Margaret A. Flynn for Respondent.

ADAMS, P. J.—Plaintiff sued defendants for damages for personal injuries sustained by him when he was struck by a plank which fell from a theater building under construction by defendants in the city of Dos Palos, it being alleged that the falling of such plank was due to the negligence of defendants. Defendant Elmer K. Angle and his wife, Ella M. Angle (the latter having been substituted for one of the fictitious defendants), answered the complaint, denying negligence and further alleging that at the time plaintiff was injured he was a trespasser upon defendants' property and that he was, himself, guilty of contributory negligence.

Prior to the trial of the action Elmer Angle was killed, and it was stipulated that the complaint be amended to allege that during the times referred to therein Elmer Angle was the agent, servant and representative of defendant Ella M. Angle, such allegation to be deemed denied. Trial of the action was had on December 30, 1946, before a jury and resulted in a verdict for defendant Ella M. Angle, on December 31, 1946, and the entry of a judgment accordingly on January 2, 1947. Plaintiff then made a motion for a new trial, upon all statutory grounds, urging particularly the ground of newly discovered evidence. The court entered an order granting a new trial and this appeal was taken therefrom.

The evidence shows that at the time plaintiff was injured appellant and her husband were engaged in the reconstruction of a theater building, which they owned. That plaintiff was severely injured by being struck by a plank which fell from near the top of the building is not denied; but it was and is contended by appellant that at the time of the accident plaintiff was a trespasser. He had gone to the theater building to see Mr. Angle on a matter of business. As to where he was when the plank fell upon him, there is a conflict of evidence, plaintiff testifying that he was in the alley adjoining the theater building, and appellant contending that he was not in the alley but was just on the threshold of a rear entrance

to the building, and that he was a trespasser because he had no permission to be at that place when he was injured.

The particular issue presented on this appeal is whether the trial court abused its discretion in granting the new trial, it being the contention of appellant that a new trial should have been denied because plaintiff had not requested a continuance of the trial.

The newly discovered evidence upon which respondent relies is the testimony of one Charles Van Diver. In support of his motion for a new trial plaintiff filed six affidavits, one of which was made by Van Diver, who stated that at the time of the accident he was in the employ of Elmer Angle, working on the theater building; that he saw MacKenzie standing in the alley about 4 feet west of the west wall thereof, looking through the doorway into the building; that he saw him pitch forward, and that with others he scrambled down to the ground and found MacKenzie badly hurt; that he was sure that he was at least 4 feet from the door when he was struck, and was not moving toward the building but was obviously waiting for Elmer Angle to come out of the building; that no part of MacKenzie's body fell into the doorway when he was struck. This affiant also stated that just prior to the accident he saw Raymond Angle, who was working on the job with affiant, carry a piece of lumber to the northwest edge of the scaffolding, the board being balanced rather precariously on the corner so that both ends hung over the wall about 2 feet over the alley; that the wind was very strong that day. He also stated that after plaintiff had been taken to a hospital by Elmer Angle, and as affiant was returning to his work in the car with Raymond Angle, the latter stated that he thought it was his fault that the accident happened because he had laid the board down where he did; that he had intended to move it but had forgotten to do so.

An affidavit was filed by Crawford C. Mottram, in which he stated that on November 31, 1946, he went to Dos Palos at the request of plaintiff's attorney, in an endeavor to ascertain the whereabouts of Van Diver; that he questioned Shelton Angle, Sr., William Holt and Raymond Angle, all of whom denied any knowledge of Van Diver's whereabouts; that he also made inquiry at the post office, at the constable's office and of numerous merchants and people in the town, but without avail. But that on or about January 2, 1947, he

and R. A. McCormick contacted Van Diver, who then made a statement as to the facts with respect to the action.

McCormick also made an affidavit alleging therein that he was an attorney associated with plaintiff's attorney, C. Ray Robinson, and that on January 2, 1947, on instructions of Attorney Robinson, he and Mottram contacted Van Diver and secured a statement from him.

Russell F. King, who also made one of the affidavits in support of plaintiff's motion, stated that on or before November 30, 1946, he made extensive and protracted efforts to locate Van Diver, even telephoning to the police officers of Kelso, Washington, where he had heard Van Diver might be found; that he had also made extensive inquiry in and about Modesto, in the belief that Van Diver was residing there; but that his efforts had been without avail.

Attorney Robinson also filed his affidavit, in which he deposed that ever since he had been retained by plaintiff he had endeavored to locate Van Diver and had instructed three of his associates in his office to make inquiry regarding Van Diver's whereabouts; that he personally went to the Merced County draft board for that purpose, and made inquiry of other named persons; that during the course of the trial he asked various witnesses produced by defendants and who had been present during the construction of the theater building, and that he had done everything possible to secure the presence of Van Diver at the trial; that on January 2, 1947, he was informed of his whereabouts and then sent McCormick and Mottram to interview him; that from information secured he was satisfied that the evidence of Van Diver would establish that plaintiff was not in the building when he was struck by the plank, and that his testimony would demonstrate gross negligence in the placing of the plank in the manner in which it was placed and show that much of the testimony offered by defendant's witnesses was untrue; and that Van Diver had agreed to appear and testify in the event of a new trial.

Willard Treadwell, one of the attorneys for plaintiff, also deposed as to inquiries which he had made in an effort to ascertain the whereabouts of the witness, and his failure to locate him.

In opposition to plaintiff's motion defendant filed affidavits contradicting the allegations of Van Diver's affidavit.

Also at the hearing of the motion it was stipulated by plaintiff's attorney that at the time of the trial he knew that Van Diver was an important witness and that he could give testimony that was material to the issues. However, none of the affiants who filed affidavits for appellant contradicted the allegations of plaintiff's affidavits as to the efforts made by his counsel to find Van Diver, nor was any showing made that the witness' whereabouts were known to them or where he was, or that more diligent efforts on plaintiff's part would have resulted in locating him prior to the trial. Nor is it contended that plaintiff's counsel knew at the time of the trial what testimony Van Diver would give.

In view of the conflict of evidence on the hearing of the motion, and the fact that plaintiff's attorney did not ask for a continuance of the trial, appellant contends on this appeal that the trial court abused its discretion in granting plaintiff's motion.

█ It is settled that a motion for a new trial is, to a large extent, addressed to the sound legal discretion of the court to which the application is made; and it has often been said that its action will not be disturbed on appeal in the absence of a clear and affirmative showing of a gross, manifest or unmistakable abuse of discretion. See *Fennessey* v. *Pacific Gas & Electric Co.*, 10 Cal.2d 538, 544 [76 P.2d 104]; *Mazzotta* v. *Los Angeles Railway Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338]; *Prescott* v. *City of Orange,* 56 Cal.App.2d 144, 150 [132 P.2d 523]; *Whitfield* v. *Debrincat,* 18 Cal.App.2d 730, 733 [64 P.2d 960]. In the latter case the court said that where there appears to be reasonable or even fairly debatable justification therefor, an order granting a new trial will not be set aside, although a contrary order might not be disapproved or the appellate court might be inclined to take a different view.

█ Appellant urges particularly that it was error to grant a new trial because plaintiff did not ask a continuance of the trial in order to secure the attendance of the witness; and she cites *Turner* v. *Morrison,* 11 Cal. 21; *Ferrer* v. *Home Mutual Ins. Co.,* 47 Cal. 416; *Scanlan* v. *San Francisco etc. Ry. Co.,* 128 Cal. 586 [61 P. 271]; *Putnam* v. *Pickwick Stages,* 98 Cal.App. 268 [276 P. 1055], and *Baker* v. *Berreman,* 61 Cal.App.2d 235 [142 P.2d 448]. But said cases are distinguishable. In the Turner case the witness had been subpoenaed but failed to appear because of sickness. In reversing

an order granting a new trial the court said: "The facts set out in the affidavits in support of the motion for a new trial should have been made the foundation of an application for a continuance, so that the plaintiffs might, if they desired, have avoided the delay by admitting the evidence as stated in the affidavit of defendants." But it also said, quoting from *Alexander* v. *Byron*, 2 John. Cas. (N. Y.) 318, that it had "been repeatedly held, that the subsequent allegation of a party that he was not prepared, is no reason for granting a new trial, unless it be founded on the discovery of testimony of which the party was not at the time apprised." In *Ferrer* v. *Home Mutual Ins. Co.* the motion for a new trial was based upon the ground of surprise, and not upon that of newly discovered evidence. It is distinguishable in other respects. In *Scanlan* v. *San Francisco etc. Ry. Co.* it is true that a motion for a new trial was based upon "newly discovered evidence"; but apparently the newly discovered evidence relied upon was testimony of a surveyor who had previously been in appellant's employ but whose whereabouts had not been discovered until too late to produce him at the trial. The court said, page 589: "A new trial was sought, and Donaldson's testimony was urged as the newly discovered evidence, but it appears from the affidavits that this evidence was in no sense newly discovered. Defendant's engineers had knowledge through their attorney of the materiality of Donaldson's testimony before the trial, and took certain steps to find him and procure his attendance. At the time of the trial they had not discovered him. Knowing of the importance of his testimony, defendant should have moved for a continuance, and, failing to do so, it must be held that it entered upon the trial at its peril. (*Berry* v. *Metzler*, 7 Cal. 418.)"

In the instant case the materiality of Van Diver's testimony was not known to plaintiff or his attorneys. Though it was believed that he would be able to shed light on the true situation, it was not known until after the trial was concluded how he would testify. Also in the Scanlan case it does not appear what steps had been taken to find the witness, and the trial court may have concluded that plaintiff had not shown sufficient diligence.

In *Putnam* v. *Pickwick Stages*, where the denial of a motion for a new trial was affirmed, the opinion indicates that the moving party knew at the time of the trial what the alleged

"newly discovered evidence" was, and that the affirmation was based upon a lack of due diligence in locating the witnesses whose testimony was desired. Also in that case the court affirmed the rule that the action of a trial court on a motion for a new trial will not be disturbed except upon a clear showing of abuse.

In *Baker* v. *Berreman,* an order granting a new trial was reversed, the decision being based upon lack of due diligence in endeavoring to secure the attendance of the witness or to take his deposition, and failure to ask for a continuance. Also it there appeared that plaintiff's counsel had interviewed the witness prior to the trial and knew what his testimony would be, and that it could have been obtained by taking his deposition. That was not a case of newly discovered evidence.

*Laverne* v. *Dold,* 17 Cal.App.2d 180 [61 P.2d 497], presents a case more clearly applicable. There this court affirmed an order granting a new trial, saying, pages 183-184:

"Likewise the court was justified in granting a new trial upon the further ground of newly discovered evidence. An order upon that ground is also a matter within the discretion of the court and will not be disturbed unless an abuse of discretion is clearly shown (*Waer* v. *Waer,* 189 Cal. 178 [207 P. 891]), and will rarely be disturbed. (*Spear* v. *United Railroads,* 16 Cal.App. 637 [117 P. 956].) Such evidence must be, (1) newly discovered, (2) more than cumulative, (3) would render a different result probable, (4) diligence to secure same must be shown by the moving party, and (5) it must be the best evidence. (*Bradbury Estate Co.* v. *Carroll,* 98 Cal.App. 145 [276 P. 394].) From the affidavit in support of the motion the evidence of the missing witness comes within these requirements.

"The accident occurred in May, 1933, but the case did not go to trial until April, 1935. One Lester B. Robinson is claimed to have witnessed the collision from a different angle than that of any of the other witnesses, and it is alleged he would have testified as to the position of the cars and the speed of each. Affidavits in support of the motion, to which counter-affidavits were not filed, showed that investigators were employed to locate Robinson in Sacramento and in San Francisco but they were unsuccessful. Appellant claimed respondent made no effort to obtain a continuance of the trial, but as respondent points out, at that time she would have been unable to make an affidavit that the witness would be produced at a given time nor did she know as to what he would

testify if called, and not knowing his whereabouts she was then unable to produce a deposition to be used at a subsequent date if the cause were continued.''

In *Whitfield* v. *Debrincat*, 18 Cal.App.2d 730, 733 [64 P.2d 960], the court, in affirming an order granting a new trial, said:

"It is settled that a motion for a new trial is, to a large extent, addressed to the legal discretion of the court to which the application is made and that its action is conclusive and will not be disturbed in the absence of a clear and affirmative showing of a gross, manifest or unmistakable abuse of discretion. (20 Cal.Jur. 27.) Such discretion is very wide and every presumption is indulged in support of the action of the court in passing upon the motion. The discretion must be reasonably exercised to the accomplishment of justice, and where there appears to be a reasonable or even fairly debatable justification therefor, an order granting a new trial will not be set aside, although a contrary order might not be disapproved or the appellate court might be inclined to take a different view. (20 Cal.Jur. 30.)''

Also in that case, though the ground for a new trial was surprise rather than newly discovered evidence, the court said that the fact that a continuance was not requested was not necessarily fatal if it was apparent that the moving party had not been guilty of laches and had acted in good faith in omitting to ask for a continuance.

Regarding the discretion of a trial court in granting a new trial it was said in *Provin* v. *Continental Oil Co.*, 49 Cal. App.2d 417, 425 [121 P.2d 740]:

"There must be a clear showing of abuse of discretion before a reviewing court will reverse an order granting a new trial; this must be manifest abuse of discretion by the trial court. (*Harrison* v. *Sutter St. Ry. Co.*, 116 Cal. 156 [47 P. 1019]; *Kenezleber* v. *Wahl*, 92 Cal. 202 [28 P. 225]; *Brannock* v. *Bromley*, 30 Cal.App.2d 516 [86 P.2d 1062]; *Kohlhauer* v. *Bronstein*, 9 Cal.App.2d 166 [48 P.2d 994]; *Heintz* v. *Cooper*, 104 Cal. 668 [38 P. 511].)''

Also see *Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126, 133, 135 [138 P. 712]; *Dasso* v. *Bradbury*, 39 Cal.App.2d 712, 717-718 [104 P.2d 128].

Whether in the instant case plaintiff had exercised due diligence in seeking to find the witness Van Diver, and whether his testimony, if adduced, might have produced a different result, were matters for determination by the trial

court; and it stated, when the motion was before it: "I do feel that this man Van Diver is a controlling witness in this action and if he goes through with what he said in this thing, I believe there will be a different result in this case."

And as for the failure of plaintiff to ask for a continuance, no one can know better than the trial court, whether, if requested, it would have been granted in view of the fact that plaintiff did not then know what the witness' testimony would be, would have been unable to show that, if a continuance were granted, he would be able to produce him at a subsequent time to which the trial might be continued; and, obviously, could not have offered any statement as to his testimony to which defendant would have stipulated.

We conclude that the trial court did not abuse its discretion in granting a new trial.

Appellant also urges that the trial court erred in granting a new trial because the action abated with the death of Elmer K. Angle, and that no recovery can be had in any event against Ella M. Angle, his widow. But a review of the record in the case shows that this question was not raised in the lower court. There was no demurrer to the complaint as amended, and no motion for a nonsuit or directed verdict. No such contention was made by Ella M. Angle in her answer to plaintiff's complaint, which answer merely relied upon the same defense asserted by her husband, to wit, that plaintiff was a trespasser, that he was guilty of contributory negligence, and that there was no negligence on the part of defendants. There was no motion to abate the action after the death of Mr. Angle, and, on motion for a new trial, no objection thereto was based upon the ground of nonliability of Mrs. Angle. In this state of the case appellant's contention in this regard will not be considered on appeal.

In *Preston* v. *Knapp*, 85 Cal. 559, 561-562 [24 P. 811], it was held that a defense in the nature of abatement of an action will not be considered by an appellate court if not expressly made in the trial court. That case was followed in *Smith* v. *Stuthman*, 79 Cal.App.2d 708, where the court said, at page 710 [181 P.2d 123]:

"Respondent has raised in her brief the further contention that the order of the trial court should be affirmed, on the ground that one spouse cannot sue the other for damages in tort. This defense was not pleaded and it was not stated as a ground of the motion to dismiss the action. Accordingly, respondent cannot now avail herself of its protection. (*Royal*

*Con. Min. Co.* v. *Royal Con. Mines Co.*, 157 Cal. 737, 761 [110 P. 123, 137 Am.St.Rep. 165].) A defense in the nature of a defense in abatement is presumed to be waived if not made before the trial court. (*Preston* v. *Knapp*, 85 Cal. 559, 561-562 [24 P. 811].) ''

A rule, early established and long adhered to in the courts of this state, is that questions not raised in a lower court will not be considered on appeal. See *Imperial Valley Land Co.* v. *Globe G. & M. Co.*, 187 Cal. 352, 359 [202 P. 129] ; *Douglas* v. *Southern Pac. Co.*, 203 Cal. 390 [264 P. 237] ; *Sullivan* v. *Vera*, 125 Cal.App. 303, 309 [13 P.2d 770] ; *Greene* v. *Riordan*, 97 Cal.App. 462, 469 [276 P. 141]. Also see *Boot* v. *Boyd*, 37 Cal.App. 545, 555 [174 P. 352], and *Munfrey* v. *Cleary*, 75 Cal.App.2d 779, 784-785 [171 P.2d 750], decided by this court; and other cases therein cited.

The order appealed from is affirmed.

Peek, J., and Thompson, J., concurred.

A petition for a rehearing was denied November 25, 1947, and appellant's petition for a hearing by the Supreme Court was denied December 29, 1947.