[Civ. No. 7606. Third Dist. Nov. 29, 1949.]

EMORY RUBEL et al., Respondents, v. WILLIAM THOMAS PECKHAM et al., Appellants.

Rich, Weis, Carlin & Fuidge for Appellants.

Erling S. Norby for Respondents.

PEEK, J.—This is an appeal by defendants from a judgment ordering them to specifically perform an agreement relating to the sale of certain real property owned by them in Yuba County. In addition, the judgment awarded damages to the plaintiff Rubel for his loss of use of the land by reason of defendants' failure to convey and allowed the plaintiff Hall a real estate broker's commission for his services in connection with the transaction.

The agreement which formed the basis of plaintiffs' complaint was entered into by the defendants and Hall and among other things provided that defendants would transfer and convey said land to any purchaser obtained by Hall who, by the terms thereof, was constituted defendants' agent to sell the land on the terms and conditions therein set forth. Defendants' answer admitted ownership of the property described in plaintiffs' complaint, admitted the execution of said agreement but denied that the description set forth therein was the same as that set forth in plaintiffs' complaint; denied that Rubel had been damaged by their failure to convey or that Hall had been damaged and affirmatively alleged that prior to the commencement of the action defendants offered Rubel the possession of the property, without prejudice to his right to litigate the question of the easterly boundary thereof, but that Rubel refused said offer and that defendants have at all times been ready, willing and able to convey said land in accordance with the terms of said agreement.

From the record it appears that by reason of defendants' willingness to convey as averred in their answer and the state-

ments and communications of their counsel the case was tried upon the theory that defendants were under a duty to convey the land in question. Thus there were but two real issues before the trial court, (1) whether or not the description of the land as set forth in said agreement was intended to be and actually was the same as the metes and bounds description by which the land was described in plaintiffs' complaint, and (2) the issue of damages, both as to Rubel and Hall.

On appeal, however, the primary contention made by appellants is that as Rubel was not a party to said agreement he had no rights thereunder which he was entitled to enforce. But, as stated, since the case was tried upon the theory that a liability existed to convey the property to Rubel such contention cannot now be raised for the first time on appeal.

The rule is well settled that ''When a cause is tried and evidence introduced on the theory that a material issue has been raised by the pleadings and the court renders judgment on that theory, the parties will not be allowed to say for the first time on appeal that there was no such issue. (*Schroeder* v. *Mauzy*, 16 Cal.App. 443, 447 [118 P. 459]; *Sprigg* v. *Barber*, 122 Cal. 573, 579 [55 P. 419]; *Illinois T. & S. Bank* v. *Pacific Ry. Co.*, 115 Cal. 285, 297 [47 P. 60]; *National Union Fire Ins. Co.* v. *Nason*, 21 Cal.App. 297, 299 [131 P. 755].) If a case is tried, submitted, and decided on a certain theory, a party will not be permitted to raise for the first time on appeal an objection that could have been obviated if it had been made in the court below. (*Milwaukee Mechanics' Ins. Co.* v. *Warren*, 150 Cal. 346, 353 [89 P. 93].)

Errors not taken advantage of at the trial cannot be raised in the appellate court. (*Morgan* v. *Hugg*, 5 Cal. 409, 410.)'' (*Grimes* v. *Nicholson*, 71 Cal.App.2d 538, 543 [162 P.2d 934].)

Turning then to the question relating to the description of the land, it appears from the record that the property decreed to be conveyed was described in said agreement as a portion of ''sec. 21 & 22 Twp. 14 N. R. 4E, lying East of Reeds Creek and comprising 414 acres more or less.'' Appellants contend that there is a variance between the phrase ''lying East of Reeds Creek,'' which they argue means from the east bank of said creek, and the metes and bounds description contained in the complaint which description followed the ''center line'' of Reed's Creek.

Appellants do not, nor could they because of the obvious conflict therein, question the sufficiency of the evidence to

sustain the finding of the trial court that the two descriptions were intended to and in fact did describe the same property.

 It is sufficient to observe that a conveyance of land which refers to and uses a nonnavigable water course as one of its boundaries conveys the rights of the grantor to the center line of such water course unless such conveyance indicates a different intention by terms expressly limiting the grant.

 Appellants lastly contend that the trial court erred in awarding Rubel damages for the loss occasioned by their refusal to execute the deed. The record establishes and the trial court found that appellants offered to place Rubel in possession of the property pending settlement of their controversy concerning the westerly boundary line of the property. Such offer was kept open during the entire period of the controversy and was renewed at the outset of the trial herein. Thus, in view of the general rule requiring a party, injured by a breach of contract, to mitigate his damages (8 Cal.Jur. Damages, § 43, p. 782) it was error to award Rubel damages based on his loss of use of the property and the judgment must therefore be modified to that extent.

As modified the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied December 27, 1949, and appellants' and respondents' petitions for a hearing by the Supreme Court were denied January 26, 1950. Carter, J., and Traynor, J., voted for a hearing.