[Civ. No. 7716. Third Dist. May 3, 1950.]

VERA M. ANDERSON et al., Appellants, v. THE COUNTY OF SAN JOAQUIN, Respondent.

Hoberg & Finger for Appellants.

Gilbert L. Jones, Daniel S. Lane, Roy A. Weaver, Richard B. Daley, Blewett, Blewett & Macey and Frederick L. Felton for Respondent.

ADAMS, P. J.—This action was brought by the surviving widow and children of Walter Anderson who was killed in an automobile accident alleged to have been due to the defective condition of a county road which caused the automobile driven by decedent to skid and then collide with an approaching truck. Plaintiffs' amended complaint alleged that claims for damages had been served upon and filed with defendant county "in the manner and form required by law." This allegation was first admitted by defendant, but subsequently, with leave of court, defendant amended its answer, denying it. By stipulation this defense was first submitted to the trial court for determination, and that court found that the claims were defective in that they failed to specify the addresses of the claimants or any of them, in conformity with section 1 of Act 5149 (2 Deering's Gen. Laws, p. 1678) and section 53053 of the Government Code.

It is conceded that nowhere in the body of the claims were such addresses stated. However, each page of the claims bore the printed names and addresses of attorneys as follows: "Hawkins & Hawkins, Attorneys at Law, Modesto, California, Phone 3232"; and each claim bore evidence of verification before Lewis N. Hawkins, Notary Public, in Stanislaus County, a member of the firm of Hawkins & Hawkins. Also it was stipulated by the attorneys for the respective parties that Hawkins & Hawkins were the attorneys for plaintiffs and acted as such from the time of the filing of the claims and up to and until the time the complaint was filed.

The sole question for our determination then is whether the claims as filed substantially comply with the statutory requirement that they contain the addresses of the claimants.

In *Stewart* v. *City of Rio Vista*, 72 Cal.App.2d 279, 281 [164 P.2d 274], we held that though a claim did not, in the body thereof, set forth the addresses of the claimants, there was sufficient compliance where the verification of the claim, made by attorney for plaintiffs, stated that affiant was an attorney at law and had his office in Vacaville, Solano County,

California. We there said that "The verification is a necessary part of the claim required by the statute. Since the verification of the claim in this case contains the name and business address of the attorney of the claimant, where the claimant may readily be located it would appear to be a substantial compliance with the statute in that regard." We cited *Uttley* v. *City of Santa Ana*, 136 Cal.App. 23, 25 [28 P.2d 377], and *Ridge* v. *Boulder Creek etc. School Dist.*, 60 Cal.App.2d 453, 457 [140 P.2d 990], in which cases it was said that the purpose of the statute would seem to be accomplished if an address is given at which or through which the claimant may be found, in order that the officials of defendant may make such investigation of the merits of the claim as may be desired. Hearing by the Supreme Court was denied in the Stewart case and in the Uttley and Ridge cases.

Here, as the claims all bore the address of attorneys who admittedly were acting for plaintiffs we think that was sufficient to give defendant county information as to where plaintiffs could be found in order for them to make any desired investigation, and constituted a substantial compliance with the statute. There is no showing that defendant was in any way hindered by omission of the addresses of plaintiffs from the body of the claims, and, obviously, seeing that the claims were written upon the professional and customary legal papers of attorneys, defendant could readily have secured all needed information regarding addresses of plaintiffs by calling Hawkins & Hawkins at the telephone number on such paper, or by writing them at the address given.

In the recent case of *Holm* v. *City of San Diego*, *(Cal. App.) 208 P.2d 777, where the claim did not specify the addresses of claimants, but did contain language from which the inference that they were residents of or could be reached at La Mesa or Lakeside (in San Diego County) could be drawn, the District Court of Appeal affirmed a judgment of the trial court which held that the claim was insufficient in not stating the addresses of claimants, but the Supreme Court granted a hearing on a petition asserting that reasonable inferences as to addresses of claimants could be drawn from the allegations of the claims, relying upon the decisions in the Stewart, Ridge and Uttley cases above cited.

On this appeal appellants raise the further point that in

---

*A hearing was granted by the Supreme Court on Sept. 26, 1949, and the final opinion is reported in 35 Cal.2d 399, 217 P.2d 972.

a death case, such as this, no claim of any kind need be filed, wherefore the sufficiency of the one filed becomes unimportant. This contention was not made in the lower court, and generally speaking a contention not so made cannot be considered when made for the first time on appeal. (*MacKenzie* v. *Angle*, 82 Cal.App.2d 254, 263 [186 P.2d 30]; *Rubel* v. *Peckham*, 94 Cal.App.2d 834, 836 [211 P.2d 883]; *Grimes* v. *Nicholson*, 71 Cal.App.2d 538, 543 [162 P.2d 934].) But while there may be exceptions to that rule, we are satisfied that in this case there was substantial compliance with the statute, and that the judgment of the trial court must be reversed for that reason; wherefore it becomes unnecessary to determine whether or not, in this state, the filing of a claim in a death case is requisite.

The judgment is reversed.

Peek, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 29, 1950.