[Civ. No. 7843.   Third Dist.   Apr. 9, 1951.]

MARGARET BUCKMASTER, as Special Administratrix, etc., Respondent, v. MERCEDES SILVA, Appellant.

Lafayette J. Smallpage and Harold J. Willis for Appellant.

Crozier C. Culp, Marvin Sherwin and Darrah & Ellis for Respondent.

ADAMS, P. J.—Manuel Silva died intestate on July 4, 1942, leaving surviving him his widow, Mercedes Silva, and four children.   On September 22, 1941, he had executed a gift deed conveying to Mercedes Silva 249.28 acres of farm land in San Joaquin County, which deed was recorded October 28, 1941.   At the time of his death his sole assets consisted of an undivided one-half interest in about one acre of land with a small house thereon, which was subject to a homestead declared and recorded by Mercedes Silva on or about June 27, 1941.

On June 3, 1940, a judgment had been entered against Silva and others in favor of George G. Prytz in the total sum of $3,624.83; and on April 15, 1942 a judgment had been entered against Silva in favor of Indemnity Insurance Company of North America, a corporation, in the total sum of $2,639.18. By the conveyance of the 249.28-acre farm to his wife, Silva had rendered himself insolvent, and neither of the foregoing judgments was ever satisfied.

As, after Silva's death, none of his heirs sought letters of administration of his estate, on or about November 13, 1946, the creditors above mentioned procured the appointment of Margaret Buckmaster as administratrix, and filed with her their two claims, which were duly allowed by her and approved by the court. On or about December 18, 1946, the administratrix began this action to set aside the deed executed by Silva to his wife, on the ground that said deed was fraudulent and void as against existing creditors.

On April 5, 1947, Conrad Silva, a son of decedent, filed a petition to revoke the letters granted to Margaret Buckmaster, and applied for letters in his own behalf. His petition and application were granted and he qualified as administrator on April 22, 1947. However, on August 25, 1948, Margaret Buckmaster was appointed special administratrix, in which capacity she now appears in this action.

On or about April 11, 1947, Mercedes Silva filed in the probate court a notice of motion to vacate the allowance of the claims of Prytz and the Indemnity Insurance Company, and to secure the rejection of such claims. The motion was duly heard and denied. She thereafter filed in this court a petition for a writ of review, praying that the aforesaid order of the trial court be annulled on the grounds that Prytz's judgment was barred by the provisions of section 336 of the Code of Civil Procedure; that the court which rendered the judgment of the Indemnity Insurance Company was without jurisdiction because same had been entered without notice to defendant Silva and without his appearance, when he had a valid defense to said action; and that the creditors' claims were approved by the administratrix without disclosing that she had been nominated by said creditors, and contrary to section 703 of the Probate Code. Also that the court's allowance and approval of said claims was made ex parte and without notice to the heirs at law, all of whom disputed the claims.

This court heard said matter and dismissed the writ (see

*Silva* v. *Superior Court,* 83 Cal.App.2d 521 [189 P.2d 314]),
and hearing in the Supreme Court was denied. Also see
*Scholle* v. *Finnell,* 166 Cal. 546, 552 [137 P. 241].

After a hearing was had in the present action, and on or
about October 24, 1949, findings of fact in favor of plaintiff
were filed and judgment in accordance therewith was ren-
dered. The court found that judgments in favor of Prytz
and Indemnity Insurance Company had been regularly ren-
dered, as alleged by plaintiff; that the claims based thereon
were filed by them with the administratrix and duly allowed
and approved by her and the court; that by the deed to
Mercedes Silva, Manuel Silva had rendered himself insolvent
and that the conveyance was made with the intent to defraud
creditors. Judgment for plaintiff followed and this appeal
was then taken.

Appellant Silva again contends on this appeal that the
action was barred by the statute of limitations and by laches;
also that, at most, plaintiff's recovery should be limited to
the value of the property at the time and place of its con-
veyance to Mrs. Silva.

As for the statute of limitations and laches, those matters
were disposed of at the prior hearing before this court, and
it is sufficient to refer to that decision on these points. Also
see *Prytz* v. *Associated Farms, Inc.,* 88 Cal.App.2d 1 [198
P.2d 110].

On the matter of laches it is urged that defendant
suffered detriment because of the delay in bringing this
action. We are unable to see that appellant has suffered
any disadvantages from the delay, if for no other reason
than that the evidence established and the court found that
on or about February 1, 1940, the land in controversy was
leased by Manuel and Mercedes Silva for a 12-year term,
with option for renewal for three years, at a rental of $4,500
per year for the first three years, and $5,250 per year for
the remaining nine years of the term, all of which rentals
Mrs. Silva has collected. While appellant's brief states that
after Mr. Silva's death appellant and her children worked
on the ranch and "made the only fund which these alleged
creditors seek to take away from her," the evidence shows
that she did not live on the land conveyed to her after it
was rented before Mr. Silva's death, but that she lived on
the one-acre piece at Holt during 1941 and up to spring
of 1945, after which she lived in Stockton. During all of

the time since the death of Silva she has had the benefit of the rentals from the lease. Furthermore, she contributed to such delay as there was, for neither she nor her children took any steps to administer decedent's estate until after the appointment of Margaret Buckmaster. (Compare *Austin* v. *Hallmark Oil Co.*, 21 Cal.2d 718, 735 [134 P.2d 777].)

■ Apparently appellant's third contention is raised for the first time on this appeal, as we find no reference to it in the record before us. It was not pleaded, nor do we find that the trial court was requested to consider it. For that reason it need not be considered here. See *MacKenzie* v. *Angle*, 82 Cal.App.2d 254, 263 [186 P.2d 30], and cases there cited, hearing in Supreme Court denied; *Rubel* v. *Peckham*, 94 Cal.App.2d 834 [211 P.2d 883].

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.

A petition for a rehearing was denied May 4, 1951, and appellant's petition for a hearing by the Supreme Court was denied June 4, 1951.