Dear State Director Peters,
¶ 0 The Attorney General has received your request for an official opinion asking in effect:
What percentage of the legal voters in an areavocational-technical school district is necessary to effect anelection by petition of the people, relative to the operatingmillage levy?
¶ 1 Title 70 O.S. 14-108 (1981), as amended, authorizes the State Board of Vocational and Technical Education to enact rules and regulations for the operation of vocational-technical school districts and to prescribe criteria and procedures for establishing such school districts as provided by Article X, Section 9B of the Oklahoma Constitution. In response to this statutory grant of authority, the State Department of Vocational and Technical Education has enacted rules and regulations governing the establishment and operation of area vocational-technical school districts. Part VII, 13 of the State Department of Vocational and Technical Education Rules and Regulations provides that the Board of Education must call an election pertaining to the operating millage levy upon receipt of a petition bearing signatures of 10% of the qualified school district electors.
¶ 2 You have expressed concern that the Board's rule is in conflict with title 70 O.S. 2-101(B) (1981), which provides that:
 A special election of the electors of a school district may be called by the board of education, or by a majority of the school district electors upon a petition filed with the clerk of the board of education for the purpose of voting upon any matter or question authorized by law.
¶ 3 The general rule of statutory construction is that when there are two statutory provisions which address the same issue but one is special and prescribes something different from the general statute, the special statute must be applied. City ofTulsa v. Smittle, 702 P.2d 367 (Okla. 1985). While it is true that the State Board of Vocational and Technical Education has a constitutionally based ability to promulgate rules and regulations governing the vocational and technical school districts, that power is superseded when the Legislature chooses to pass statutory language covering the same area. Oklahoma Constitution, Article X, Section 9B(c), Article X, Section 9B(d). Further, when a rule and statute are in conflict, the statute must prevail. Arkansas Louisiana Gas Company v. Travis,682 P.2d 225 (Okla. 1984).
¶ 4 Title 70 O.S. 2-101(B) (1981) contains two distinct provisions. First, the board of education may call, at any time, a special election for the purpose of voting upon any matter or question authorized by law. The second provision is that a special election may be called by a majority of the school district electors upon the filing of a petition with the clerk of the board of education. Special elections may include elections of members of the board of education of a school district, elections regarding ad valorem taxes, annexation of school districts, bond issues, as well as millage levy elections. A.G. Opin. No. 80-082 (May 14, 1980).
¶ 5 Title 70 O.S. 1981, 2-101(A) designates the fourth Tuesday in January of each year to be the annual election day for the question of making the annual levy or levies for schools pursuant to Article X, Section 9 or Article X, Section 10 of the Oklahoma Constitution. For a calling of a special election outside of the designated fourth Tuesday in January, subsection B of 70 O.S. 2-101 provides that a special election may be called by the Board of Education or by a petition of a majority of the school district electors. This language supports the finding that a majority of electors of such districts must petition for a special election regarding a millage election.
¶ 6 Your opinion request also contained a question regarding a potential conflict between 70 O.S. 2-101(B) (1981) and Article V, Section 2 and Article V, Section 5 of the Oklahoma Constitution. Article V, Section 5 states that:
 The powers of the initiative and referendum reserved to the people by this Constitution for the State at large, are hereby further reserved to the legal voters of every county and district therein, as to all local legislation, or action, in the administration of county and district government in and for their respective counties and districts.
¶ 7 Elections of state vocational and technical school districts do not fall within the scope of the initiative and referendum provisions of the State Constitution. 82 C.J.S.Statutes, 115 defines initiative and referendum as:
 Initiative is the power reserved to the people by the constitution to propose bills and laws and to enact or reject them at the polls independent of legislative assembly. Referendum is the right reserved by the constitution to the people of a state or local subdivision thereof to have submitted for their approval or rejection any act, or part of an act, item, section, or part of any bill, passed by the legislature, and which, in most cases, would without action on the part of the electors become a law.
Cited in Wyatt vs. L.C. Clark, 229 P.2d 799, 801 (Okla. 1956). (Emphasis added).
¶ 8 The Oklahoma statute regarding special elections of the electors of school districts is not in conflict with the Oklahoma State Constitution.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that to call for an election by petition of the peoplefor the purpose of voting on issues pertaining to imposition orrepeal of an operating millage levy, 70 O.S. 2-101(B) (1981)requires a majority of the school district electors in an areavocational-technical school district to sign the petition.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
RACHEL LAWRENCE-MOR ASSISTANT ATTORNEY GENERAL