## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-CA-00295-SCT

*SHARON ALEXANDER AND WOODY ALEXANDER*

*v.*

*MISSISSIPPI GAMING COMMISSION AND KEITH P. RANDAZZO, INDIVIDUALLY AND JOINTLY*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/1998 |
| TRIAL JUDGE: | HON. ROBERT H. WALKER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | WILLIAM WENDELL MARTIN |
| ATTORNEY FOR APPELLEES: | ALBEN N. HOPKINS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 4/8/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/29/99 |

**BEFORE PITTMAN, P.J., BANKS AND MILLS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. Here, we consider whether notice of claim to the chairman of the Mississippi Gaming Commission is sufficient to satisfy the pre-suit notice of claim requirements under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 1998). We conclude that it is under the now applicable substantial compliance doctrine. We, therefore, reverse the judgment of the circuit court and remand this case for further proceedings consistent with this opinion.

## **I**.

¶2. On May 14, 1996, Sharon Alexander was involved in an automobile accident with Keith P. Randazzo, an employee of the Mississippi Gaming Commission (MGC), while he was in the scope and course of his employment.

¶3. Appellants, Sharon and Woody Alexander ("Alexanders") attempted notice of claim pursuant to Miss. Code Ann. § 11-46-11 to R. Stewart Smith, Jr., Special Assistant Attorney General, on July 2, 1996. On May 5, 1997, subsequent counsel for the Alexanders forwarded a notice of claim to W. W. Gresham, Jr., Chairman of the MGC; Mike Moore, Attorney General for Mississippi; and Kirk Fordice, Governor of Mississippi.

¶4. On August 6, 1997, the Alexanders filed a complaint against the Mississippi Gaming Commission and Keith P. Randazzo seeking damages for injuries resulting from the accident. Appellees filed their Answer and Affirmative Defenses on September 12, 1997. On November 21, 1997, the appellees filed their Motion to Dismiss on the basis that the Alexanders failed to comply with the statutory pre-suit notice of claim requirements under the Mississippi Tort Claims Act ("MTCA"). After hearing on the motion, the trial court issued an order granting the Motion to Dismiss on February 3, 1998, finding the statutory pre-suit notice of claim requirements had not been met and that dismissal was necessary because the statute of limitations had run. Aggrieved, the Alexanders appeal to this Court seeking relief.

## **II**.

¶5. The Alexanders argue that by serving notice of claim with the chairman, timely and proper notice of their claim was given to MGC. The Alexanders assert that the Mississippi Gaming Control Act, Miss. Code Ann. §§ 75-76-1 to -313 (1991 & Supp. 1998), does not define or identify the term chief executive officer. They argue that notice to the chairman of MGC was, therefore, timely and proper notice as required under the notice provisions of the MTCA. The appellees counter that, pursuant to Miss. Code Ann. § 75-76-21, the executive director may sue and be sued on behalf of the commission and that the executive director was the proper party to be notified of a claim.

¶6. Section 11-46-11 of the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 1998), sets out a statute of limitations and a pre-suit notice of claim requirement and provides in full as follows:

> (1) After all procedures within a governmental entity have been exhausted, *any person having a claim for injury arising under the provisions of this chapter against a governmental entity* or its employee shall proceed as he might in any action at law or in equity; provided however, that ninety (90) days prior to maintaining an action thereon, such person *shall file a notice of claim with the chief executive officer of the governmental entity*, and, if the governmental entity is participating in a plan administered by the board pursuant to Section 11-46-7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof.

> (2) The notice of claim required by subsection (1) of this section shall be in writing, delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

> (3) All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful, or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11 (Supp. 1998) (emphasis added).

¶7. Recent holdings of this Court in analogous cases reflect an initial strict interpretation of pre-suit notice of claim requirements under the MTCA. This Court has held that a notice of claim must be given to the chief executive officer of the governmental entity for the purposes of granting notice under Miss. Code Ann. § 11-46-11. *City of Jackson v. Lumpkin*, 697 So. 2d 1179, 1181-82 (Miss. 1997). Mere submission of invoices to the City's claims department did not suffice as proper notice. *Id.* In *Carpenter v. Dawson*, 701 So. 2d 806, 807 (Miss. 1997), notice was provided to the insurance carrier for the City of Southaven instead of the chief executive officer. *Id.* In affirming the trial court's grant of summary judgment, this Court concluded that such notice did not comply with the requirements of Miss. Code Ann. § 11-46-11. *Id.* See also, *Holmes v. Defer*, 722 So. 2d 624 (Miss. 1998).

¶8. The standard of strict compliance, however, has been relaxed by this Court in *Reaves v. Randall*, No. 97-CA-00982-SCT, 1998 WL 909578 (Miss. Dec. 31, 1998). *Reaves* notes that the purpose of the MTCA notice requirement is to inform governmental boards, commissioners, and agencies of claims against them. 1998 WL 909578 at *4. *Reaves* further points out that the term "chief executive officer" includes the president of the board, chairman of the board, any board member, secretary of the board, or such other person employed in an executive capacity by a board or commission who can reasonably be expected to notify the governmental entity of its potential liability. *Id.* As such, substantial compliance with the notice requirements of the MTCA is sufficient. *Id.* In cases such as the instant one, then, the litigant will not be forced at his peril to interpret a statutory scheme to answer the question who is the chief executive officer.

¶9. Most recently, in *Carr v. Town of Shubuta*, No. 96-CT-01266-SCT, 1999 WL 62772 (Miss. Feb. 11, 1999) we unanimously embraced the substantial compliance rule for identifying compliance with the pre-suit notice of claim requirements of § 11-46-11 and overruled *Lumpkin*, *Carpenter*, and *Holmes* to the extent that they required strict compliance. In addition, we recognized and applied equitable estoppel to estop the town from asserting an inadequate notice defense. Finally, we stressed that substantial compliance is not the same as, nor a substitute for, non-compliance and that the determination of substantial compliance is a legal, though fact-sensitive, inquiry which must be decided on an ad hoc basis.

¶10. In the present case, the Alexanders served notice on W. W. Gresham, Jr., Chairman of the MGC, on May 5, 1997, within the statutory time period for filing a pre-suit notice of claim under Miss. Code Ann. § 11-46-11. Because the Alexanders provided the Chairman of MGC with notice of a claim, there was at least substantial compliance with Miss. Code Ann. § 11-46-11. As Chairman, Gresham could reasonably be expected to notify the MGC of the claim against it. Moreover, when the Alexanders contacted the MGC to find out who was in control of the Gaming Commission, they were given Gresham's name. The letter sent to Gresham contained all the information required for a statutory notice of claim, except for information regarding the extent of the injury. Thus, the appellees did receive proper and timely notice of the claim.

## III.

¶11. For the foregoing reasons, the judgment of the circuit court is reversed, and this case is remanded to that court for further proceedings consistent with this opinion.

¶12. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN, P.J., McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR.**

**PITTMAN, P.J., CONCURS IN RESULT ONLY. COBB, J., NOT PARTICIPATING**.