**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 98-CA-00643-SCT**

*SHIRLEY H. POWELL*

*v.*

*THE CITY OF PASCAGOULA, MISSISSIPPI AND SHANNON J. BROOM*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/30/1998 |
| TRIAL JUDGE: | HON. JAMES W. BACKSTROM |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID C. FRAZIER |
| ATTORNEYS FOR APPELLEES: | ROBERT W. WILKINSON |
| | ADAM STONE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 12/16/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 01/06/2000 |

**BEFORE PRATHER, C.J., SMITH AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. This is yet another case caught in the transition from "strict compliance" to "substantial compliance" with regard to the notice of claims requirements of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-11 (Supp. 1999). The appeal before this Court is from the trial court's summary judgment in favor of the City of Pascagoula and Pascagoula Police Officer Shannon J. Broom.

¶2. The automobile accident which resulted in the case *sub judice* occurred on November 28, 1995. On February 12, 1996, plaintiff Shirley H. Powell's attorney hand delivered a notice letter addressed to the Pascagoula City Clerk, Ms. Brenda Reed.[1] The letter stated that he represented the plaintiff with respect to injuries she sustained when her automobile was struck by the City of Pascagoula police automobile being operated by Officer Broom. In the notice letter, Powell's attorney requested that he be contacted "[o]nce you and the City's insurance carrier has [sic] had an opportunity to consider this matter," and further stated that "if this matter has not been resolved within ninety (90) days of the date of this letter" he would commence a civil action against the City of Pascagoula and Officer Broom. In argument during the hearing on the defendants' Motion to Dismiss, Powell's attorney explained that he addressed the letter to the city clerk after contacting the city attorney "out of an abundance of caution", and asking him about the proper person on whom to serve the letter. After receiving an uncertain response, Powell's attorney asked if Brenda Reed would be the correct person, to which the city attorney responded something to the effect that "she is the city clerk. I guess that's as good as any." The city attorney did not deny this explanation of the

February 1996 conversation, but did say that, because it was a couple of years ago, he had "absolutely no memory of it."

¶3. The record is silent on what, if any, contact was made between the City and Powell's attorney between the delivery of the letter in February 1996 , and the filing of Powell's original complaint in the Jackson County Circuit Court on August 20, 1996. The complaint demanded actual and compensatory damages, together with attorney fees, court costs and pre-judgment interest from November 28, 1995, the date on which Powell was injured when officer Broom's vehicle struck her vehicle.

¶4. The City and Broom answered and stated their affirmative defenses, denying fault and liability, and claiming governmental immunity and the court's lack of subject matter jurisdiction, stating that Powell had failed to comply with the notice of claims requirements of Miss. Code Ann. §11-46-11 (Supp. 1999).

¶5. Four months later, the City and Broom filed a Motion to Dismiss claiming the trial court's lack of jurisdiction. Following a hearing on the motion, the trial court denied the Motion to Dismiss, stating that "substantial compliance" with the notice provisions was sufficient for the purposes of the statute, and that Powell had substantially complied with those provisions.

¶6. The City and Broom filed a Motion for Reconsideration of Dismissal, or in the Alternative to Strike Damages Over the Statutory Amount. On September 3, 1997, Powell was granted an extension of the deadline to respond to the Motion for Reconsideration, in order that depositions of the City Attorney and City Clerk might be taken. Subsequently Powell filed a Response in Opposition to the City's and Broom's Motion for Reconsideration of dismissal, and then was allowed to file an Amended Complaint which added the allegation that Officer Broom was speeding (a criminal offense) at the time of the accident, in reckless disregard of the safety and well-being of the Powell and others. The Amended Complaint did not contain additional information regarding Powell's address.

¶7. On March 30, 1998, the circuit judge reversed himself, and "reluctantly" granted the motion to dismiss, treating it as a "summary judgment since matters outside the pleadings were submitted for consideration" and declaring that "[a]lthough this Court is of the opinion that 'substantial compliance' is all that should be required. . . our Supreme Court obviously feels otherwise by the pronouncements in *Lumpkin* and *Carpenter*. Accordingly, this Court is duty bound to apply the strict compliance standard." On April 16, Powell filed her Notice of Appeal.

¶8. Based upon this Court's decision in *Carr v. Town of Shubuta*, 733 So. 2d 261 (Miss. 1999) which overruled *City of Jackson v. Lumpkin*, 697 So. 2d 1179 (Miss. 1997) and *Carpenter v. Dawson*, 701 So. 2d 806 (Miss. 1997) and declared "substantial compliance" as the proper standard for compliance with the statute, we reverse on the notice issue, finding that Powell substantially complied with the notice requirements of Miss. Code Ann. §11-46-11, and we remand for further proceedings consistent with this opinion.

## STATEMENT OF THE FACTS

¶9. Powell's action against The City of Pascagoula and police officer Shannon J. Broom arose out of an accident which occurred as Broom was traveling approximately 60 miles per hour in a 35 miles per hour speed zone. After stopping at an intersection, Powell was proceeding to turn across Highway 90, when Broom, an on-duty city police officer, struck the side of her vehicle with the police car which he was

driving. Powell alleged that she suffered serious personal injuries and extensive damage to her vehicle. The Police Department Supplementary Report, completed by an officer Butler, reflects the statement of a witness who said that she "did not observe any blue lights flashing or hear a siren from the patrol vehicle" before the accident. The City and Broom acknowledge that he was on patrol, but do not allege that he was responding to any kind of emergency situation or a call. Broom contended that he never acted in reckless disregard of the safety of anyone traveling in the area, and further, that Powell failed to check for oncoming traffic and proceeded into the path of Officer Broom. At all times material herein, Broom was acting as an agent of the City of Pascagoula in his position as a police officer of the City of Pascagoula Police Department.

¶10. The Appellant raised only one issue on appeal:

> **WHETHER THE LOWER COURT ERRED IN GRANTING THE APPELLEES' MOTION FOR RECONSIDERATION OF DISMISSAL FOR LACK OF JURISDICTION ON THE BASIS THAT THE APPELLANT'S NOTICE OF CLAIM LETTER PURSUANT TO § 11-46-11 WAS NOT IN "STRICT COMPLIANCE" WITH THE NOTICE REQUIREMENTS, AS OPPOSED TO "SUBSTANTIAL COM-PLIANCE"**

### Standard of Review

¶11. This Court conducts *de novo* review of orders granting or denying summary judgment and examines all the evidentiary matters before it - - admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied." *McCullough v. Cook*, 679 So. 2d 627, 630 (Miss. 1996) "The summary judgment motion is the only pretrial motion which allows the Court to "go behind the pleadings" and consider evidence such as admissions, answers to interrogatories, depositions, and affidavits. If this examination indicates there is no genuine issue of material fact, the moving party is entitled to a judgment as a matter of law." *Lattimore v. City of Laurel*, 735 So. 2d 400, 402 (Miss. 1999), (citing *Newell v. Hinton*, 556 So. 2d 1037, 1041-42 (Miss. 1990)); Miss. R. Civ. P. 56(c). "A fact is material if it tends to resolve any of the issues properly raised by the parties." *Webb v. Jackson*, 583 So. 2d 946, 949 (Miss. 1991).

### Miss. Code Ann. § 11-46-11

¶12. At the time the cause of action arose, and the suit was brought *sub judice*, the notice provision of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-11 (Supp. 1999), read as shown below in regular type. Words added or changed by the 1999 amendments to this section are shown in italics, as follows:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity, *(Service of notice of claim may also be had in the following manner: If the governmental entity is a county, then upon the chancery clerk of the county sued; if the governmental entity is a municipality, then upon the city clerk, and if the governmental entity to be sued is a state entity as defined in Section 11-46-1(j), the service of*

*notice of claim shall be had only upon that entity's chief executive officer) and,* [i]f the governmental entity is participating in a plan administered by the board pursuant to Section 11-46-7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof.

(2)(*Every*) [The] notice of claim required by subsection (1) of this section shall be in writing, delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

(3) All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. . . .

Miss. Code Ann. § 11-46-11(Supp. 1999) (emphasis added to note change).

¶13. Powell's original notice letter contained all information required by statute except her residence address. The City and Broom argued before the trial court that (1) the notice was defective because it did not contain the plaintiff's address, as required by the statute, and (2) notice delivered to the city clerk was not notification of the "chief executive officer", and therefore was improper.

¶14. The City and Broom concede on appeal that this Court subsequently ruled, in ***Reaves ex rel. Rouse v. Randall,*** 729 So. 2d 1237 (Miss. 1998), that a notice of claim is sufficient so long as it "substantially complies" with the statutory requirement. However, they contend that regardless of what standard the Court applies, the notice did not "substantially" comply. Powell argues (1) the notice was not defective for lack of her address because she was represented by counsel at that time and the notice bore the address of her attorney, the address through which all communication was to be made, and (2) notice served on the City Clerk was the equivalent of notification of the "chief executive officer", because all proper persons were given actual notice by the City Clerk.

¶15. The City Attorney, who had held that position for 25 years, was asked when being deposed:

Q. "Based upon your years of experience as the city attorney for the City of Pascagoula, is it your opinion that service of this letter (the February 12, 1996 letter from Powell's attorney) on Brenda Reed, in her position as city clerk, is - - provides the City with notice of the fact that they are being notified of a pending lawsuit?

A. Well, we're notified. You know, the letter speaks for itself . . .

¶16. Later in his deposition, the City Attorney stated that only six cities out of 300 in the state of Mississippi have a city manager form of government, and Pascagoula is one of the six. The City Attorney further stated "[a]nd I was always somewhat in doubt as to whether either the mayor or the city manager was a chief executive officer of the city." Powell argues that she substantially complied, and we agree.[2]

## Substantial Compliance is the Proper Standard

¶17. In early cases construing the Mississippi Tort Claims Act (MTCA) this Court applied a standard of strict compliance to the Section 11-46-11 notice of claim requirement. *City of Jackson v. Lumpkin ,* 607 So. 2d 1179 (Miss. 1997); *Carpenter v. Dawson*, 701 So. 2d 806 (Miss. 1997). However, in *Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237 (Miss. 1998), this Court initially applied a substantial compliance standard. Then in *Carr v. Town of Shubuta*, 733 So. 2d 261 (Miss., Feb. 11, 1999), we overruled *Lumpkin* and *Carpenter* and *Holmes v. Defer*, 722 So. 2d 624 (Miss. 1998), to the extent that they required strict compliance. In *Reaves*, we stated:

> The purpose of the Act is to insure that governmental boards, commissioners, and agencies are informed of claims against them. Such notice encourages entities to take corrective action as soon a possible when necessary; encourages pre-litigation settlement claims; and encourages more responsibility by these agencies.

*Reaves*, at 1240.

¶18. In the present case, attachments to Powell's Response in Opposition to the Motion for Reconsideration included the depositions of the City Attorney and the City Clerk, acknowledging that the City did in fact receive the February 12, 1996 notice of claim letter. This fulfilled the statutory purpose of giving the City an opportunity to investigate as well as permitting or encouraging amicable settlement. In the present case, Powell and her attorney appear to have cooperated fully with the City. To hold that Powell's omission of her address and her service of her notice letter upon the city clerk rather than the mayor or city manager constituted lack of compliance sufficient to warrant dismissal, where the purpose of the statute had been satisfied, would seem to render the statute a trap for Powell, thus depriving her of her day in court.

¶19. This Court has found substantial compliance in *Alexander v. Mississippi Gaming Comm'n,* 735 So. 2d 360 (Miss. 1999); and *Ferrer v. Jackson County Bd. Of Supervisors*, 741 So.2d 216 (Miss. 1999), as well as several others more recent, where it appeared that a good faith effort had been made to provide the information to which they had access, and which they believed was required and to notify the party whom they reasonably believed was responsible for acceptance of the notice.

¶20. It appeared that Powell made a reasonable, good faith effort to comply with the statute's requirements. The City of Pascagoula received actual notice of her claim. Her notice letter included five of the six specific facts that are to be included in the notice of claim pursuant to Miss. Code Ann. § 11-46-11(2). The City suffered no actual prejudice as a result of Powell's failure to include her own address, where she was represented by an attorney at the time and his address was included. Furthermore, the City was on actual notice of Powell's address on the date of the incident, in that the police officer who reported the incident included Powell's address on the Uniform Accident Report.

¶21. Because Powell's Notice bore the address of her attorney, we find this to be substantial compliance with the statute.[(3)]

¶22. In *Carr*, we stated, "[E]ven though this Court now finds substantial compliance to be sufficient, we stress that substantial compliance is not the same as, nor a substitute for, non-compliance. The

determination of substantial compliance is a legal, though fact-sensitive, question and is, therefore, necessarily decided on an ad hoc basis." *Carr*, at 265. In the instant case, this Court finds that Powell substantially complied with the statutory notice requirements.

## CONCLUSION

¶23. This Court finds that the trial court erred in granting the City and Broom's Motion for Reconsideration of Dismissal and dismissing the case for lack of jurisdiction on the basis that Powell's notice of claim letter was not in "strict compliance" with the notice requirements. The proper standard is "substantial compliance". We find that Powell's notice of claim letter was in "substantial compliance" with the requirements. Therefore the judgment of the trial court is reversed, and is remanded for further proceedings consistent with this opinion.

¶24. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**

1. During her deposition, the city clerk stated that her records reflected that, upon receipt of the notice letter on February 14, 1996, she gave a copy of it to the city attorney and the city manager (through their respective secretaries), and directly to the city personnel director. The city clerk stated that in her work for the city she reported directly to the city manager. She was asked "If the City of Pascagoula were a business, would you consider him (city manager) the chief executive officer?" She answered "Yes, sir."

2. We do so, particularly with regard to the issue of Powell's address discussed below, with this *caveat*: "substantial compliance is not the same as, nor a substitute for, non-compliance. The determination of substantial compliance is a legal, though fact-sensitive, question and is, therefore, necessarily decided on an ad hoc basis." *Carr v. Town of Shubuta*, 733 So.2d 261, 265 (Miss. 1999).

3. The majority of courts in other jurisdictions have found substantial compliance when the claimants included their attorney's address. *Cameron v. City of Gilroy,* 230 P. 2d 838, 841 ( Cal. Dist. Ct. App. 1951); *Anderson v. San Joquin County,* 217 P.2d 479 (Cal. Dist. Ct. App. 1950); *McClintock v. Bi-State Dev. Agency,* 591 N.E.2d 967, 971 (Ill. App. Ct. 1992); *State Dep't of Natural Resources v. City of Waukesha,* 515 N.W.2d 888, 990 (Wisc. 1994);

In *McClintock,* the Court affirmed a lower court's decision denying the defendant's Motion for Summary Judgment in a claim brought under a Tort Immunity Act, stating:

> The letter unambiguously notified Bi-State of the plaintiff's injury, and its clear import is that litigation would result if a settlement could not be reached.[ ] The letter does fail to mention plaintiff's address. Bi-State has not explained, however, how this omission could possibly be prejudicial. The notice plainly states the address of the plaintiff's attorney and there is no dispute that the attorney could be easily reached to provide any additional details regarding plaintiff or the accident.

*McClintock,* at 971.

The Court further opined, "[t]o allow Bi-State to insist on strict compliance with the statute's service requirements. . . would not only serve no legitimate purpose, it would be fundamentally unjust." *Id.* The Court reasoned, "it would merely consign a presumptively valid claim to oblivion for technical reasons which have nothing to do with protecting defendant's rights or the public." *Id.*

The *Anderson* Court stated, "It is conceded that nowhere in the body of the claims were such addresses stated. However, each page of the claims bore the printed names and addresses of attorneys. . ." 217 P.2d at 480. The Court determined that there was substantial compliance with the statute, reasoning:

> We cited *Uttley v. City of Santa Ana,* 136 Cal. App. 23,25 [ ], and *Ridge v. Boulder Creek etc. School District,* 60 Cal. App. 2d 453,457 [ ], in which cases it was said that the purpose of the statue would seem to be accomplished if an address is given at which or through which the claimant may be found. . . . Here, as the claims all bore the address of the attorneys who admittedly were acting for plaintiffs[] we think that was sufficient to give defendant county information as to where plaintiffs could be found in order for them to make any desired investigation, and constituted a substantial compliance with the statute.

*Anderson* at 480.