## IN THE SUPREME COURT OF MISSISSIPPI

NO. 1998-CA-01521-SCT

*VICTOR HUMPHREY*

*v.*

*OCEAN SPRINGS HOSPITAL d/b/a SINGING RIVER HOSPITAL SYSTEM*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/18/1998 |
| TRIAL JUDGE: | HON. EDWIN C. HARDIN |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CAREY R. VARNADO |
| | TIMOTHY P. KOTTEMANN |
| | DONALD E. HINTON, JR. |
| ATTORNEYS FOR APPELLEE: | JAMES H. HEIDELBERG |
| | BRETT K. WILLIAMS |
| | C. BRICE WIGGINS |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 11/18/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/09/99 |

## BEFORE PRATHER, C.J., BANKS AND McRAE, JJ.

## PRATHER, CHIEF JUSTICE, FOR THE COURT:

### INTRODUCTION

¶1. The present case requires this Court to determine whether a notice of claim delivered to the administrator of a subsidiary hospital pursuant to Miss. Code Ann. § 11-46-11 (Supp.1999) of the Tort Claims Act should be held to constitute valid notice upon the subsidiary's parent hospital chain. This Court concludes that notice upon such an administrator *may* constitute notice upon the parent hospital, but we also conclude that the record in the present case is too sparse to make a final determination in this regard. We accordingly reverse the trial court's ruling dismissing this case, and we remand for additional findings in this regard.

### STATEMENT OF THE FACTS AND CASE

¶2. On February 1, 1997, Victor Humphrey ("Humphrey") received medical treatment at the Ocean Springs Hospital ("Ocean Springs"), which treatment Humphrey alleges to have been negligent. On January 23, 1998, Humphrey delivered to Dwight Rimes ("Rimes"), Administrator of Ocean Springs, a notice of claim alleging that he suffered injuries resulting from the negligence of Ocean Springs medical personnel.

¶3. On April 23, 1998, Humphrey filed a medical malpractice action against Singing River Hospital Systems ("Singing River"), of which Ocean Springs is a subsidiary hospital. On May 4, 1998, Singing River filed a motion to dismiss, and this motion was granted by the trial judge on the basis of Humphrey's alleged non-compliance with the notice provisions of the Tort Claims Act. Feeling aggrieved, Humphrey timely appealed to this Court.

## ISSUE

The plaintiff made a good faith effort to comply with the requirements of § 11-46-1 (Supp. 1998).

## LAW

¶4. Pursuant to the requirements of the Mississippi Tort Claims Act, a claimant is required to notify the "chief executive officer" of any governmental entity of a pending claim against that entity prior to filing suit. Miss. Code Ann. § 11-46-11 (Supp. 1999) provides in part that:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity. Service of notice of claim may also be had in the following manner: If the governmental entity is a county, then upon the chancery clerk of the county sued; if the governmental entity is a municipality, then upon the city clerk. If the governmental entity to be sued is a state entity as defined in Section 11-46-1(j), service of notice of claim shall be had only upon that entity's chief executive officer. If the governmental entity is participating in a plan administered by the board pursuant to Section 11-46-7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof.

Humphrey delivered a notice of claim to Dwight Rimes, in his capacity as the administrator of Ocean Springs hospital, which is a subsidiary of Singing River Hospital Systems.

¶5. In *Reaves ex rel. Rouse v. Randall*, 729 So.2d 1237, 1240 (Miss. 1998), this Court, in adopting a "substantial compliance" scheme of interpreting the Tort Claims Act, defined the term "chief executive officer" as follows:

> A letter of notice to the chief executive officer of the governmental entity is the only means the legislature prescribed through which sovereign immunity may be reached. However, the Act leaves the term "chief executive officer of the governmental entity" undefined. This language has proved overly broad and likely has created much hardship. In order to give reasonable meaning to the statute, we hold today that this term may be read to include any of the following: president of the board, chairman of the board, any board member, or such other person employed in an executive capacity by a board or commission who can be reasonably expected to notify the governmental entity of its potential liability.

*Reaves*, 729 So.2d at 1240. We followed *Reaves* with *Carr v. Town of Shubuta*, 733 So.2d 261 (Miss. 1999), where we overruled the strict compliance doctrine which prevailed prior to *Reaves*. Further, on several occasions, we have applied the substantial compliance doctrine to conclude that notice to a governmental employee or official meeting the *Reaves* definition constituted substantial compliance with the notice of claim requirement in section 11-46-11. *See McNair v. University of Miss. Med. Ctr.*, No. 98-CA-00506-SCT (Miss. June 3, 1999); *Thornburg v. Magnolia Reg'l Health Ctr.*, No. 1998-CA-01287-SCT (Miss. May 13, 1999); *Tennessee Valley Reg'l Hous. Auth. v. Bailey*, 740 So. 2d 869 (Miss. 1999); *Alexander v. Mississippi Gaming Comm'n*, 735 So.2d 360 (Miss. 1999).

¶6. *Reaves* thus defines the term "chief executive officer" to include "any other person employed in an executive capacity by a board or commission who can be reasonably expected to notify the governmental entity of its potential liability." 729 So. 2d at 1240. In the present case, a valid notice of claim was sent to Rimes in his capacity as administrator of Ocean Springs, but Singing River argues that Humphrey was required to provide notice to its CEO, David Lingle. The parties agree that Ocean Springs is a part of the Singing River Hospital System, organized pursuant to Miss. Code Ann. § 41-13-1 (Supp. 1999). *See also Biloxi HMA, Inc. v. Singing River Hosp.*, No. 1998-SA-00968-SCT (Miss. July 29, 1999)(hospital licensing dispute noting that Ocean Springs Hospital is part of the Singing River Hospital System).

¶7. The question thus arises as to whether notice provided to an administrator or other executive officer of a subsidiary governmental entity may constitute notice upon the parent governmental entity. This Court concludes that the *Reaves* analysis is equally applicable in the present context and that notice upon the administrator of a subsidiary entity *may* constitute notice upon the parent entity, depending upon the facts of a particular case and depending upon the nature of the relationship between the governmental entities in question. If, under the facts of a given case, the executive officer of a subsidiary entity could reasonably be expected to notify the parent entity of its potential liability, then notice provided to such officer should constitute notice upon the parent entity pursuant to *Reaves*.

¶8. In the view of this Court, it can be reasonably expected, in the vast majority of cases, that the administrator of a subsidiary hospital would notify a parent hospital of a pending claim, at least where the notice made it clear that liability was being asserted against the parent entity. In the present case, the notice of claim delivered to Rimes clearly asserted claims against Singing River. Humphrey's notice of claim began with the following paragraph:

> Dear Mr. Rimes,
>
> Pursuant to the provisions of § 11-46-11 of the Mississippi Code of 1972 as amended, you are hereby notified that Victor Humphrey, who resides in Biloxi, Mississippi, has a claim for injury against the Singing River Hospital System. Said injury occurred on or about February 1, 1997 at the Ocean Springs Hospital, Ocean Springs, Mississippi. . . .

Given that Humphrey's notice of claim clearly asserted claims against Singing River, it appears very likely that an administrator in Rimes' position would in fact notify the parent entity of the pending claim.

¶9. This Court concludes, however, that the record in the present case is too sparse to make a ruling in this regard. The present case was dismissed on a Miss. R. Civ. P. 12(b)(6) motion, and the record is practically devoid of any affidavits or other competent evidence which would assist this Court in resolving this issue.

There are, for example, no affidavits setting forth the nature of the relationship between Ocean Springs and Singing River, the scope of Rimes's duties as administrator at Ocean Springs, nor whether Singing River actually received the notice. The only affidavit in the record is that of Martha Barfield, who worked for Humphrey's counsel, and her affidavit describes how she telephoned Ocean Springs Hospital and was informed by an unnamed employee at the hospital that Rimes was the Ocean Springs Hospital administrator.

¶10. It would be inappropriate for this Court to resolve this issue in the present context based solely upon the arguments and representations of counsel in their appellate briefs. As such, while it appears likely that the notice provided to Rimes did substantially comply with section 11-46-11, the record is insufficient for this Court to make a determination in this regard.[(1)] The trial judge dismissed the present case prior to this Court's decision in *Reaves*, and this Court elects to reverse the dismissal and remand for discovery and further proceedings so that the trial judge may consider the present issues in light of *Reaves* and its progeny. The judgment of the Jackson County Circuit Court is reversed and this case is remanded for further proceedings consistent with this opinion.

¶11. **REVERSED AND REMANDED.**

### SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.

1. Humphrey raises an additional argument which need not be addressed if it is determined on remand that the notice in question substantially complied with § 11-46-11. Specifically, Humphrey argues that Singing River should be equitably estopped from asserting his lack of compliance with the Tort Claims Act notice provisions. Given the sparsity of the record on appeal, that issue is best decided by the trial judge on remand if, but only if, it is determined that Humphrey's notice did not substantially comply with the Tort Claims Act notice requirements under *Reaves* and its progeny. If it does reach the estoppel issue, the trial court should be guided by this Court's decisions in this context, including *Smith County Sch. Dist. v. McNeil*, No. 97-IA-00748-SCT (Miss. Aug. 26, 1999); *Ferrer v. Jackson County Bd. of Supervisors*, No. 97-CA-01063-SCT (Miss. Apr. 29, 1999); and *Carr v. Town of Shubuta*, 733 So.2d 261 (Miss. 1999). *See also Mississippi Dep't of Public Safety v. Stringer*, 97-IA-00187-SCT (Miss. June 3, 1999)(discussing equitable estoppel in the context of Tort Claims Act's statute of limitations.)