SMITH, Justice,
dissenting:
¶ 34. The majority, relying upon Reaves v. Randall, 729 So.2d 1237 (Miss.1998), and Carr v. Town of Shubuta, 733 So.2d 261 (Miss.1999), finds that Wyatt Williams has substantially complied the with notice requirements of Miss.Code Ann. § 11-46-11(2)(Supp.1999). I disagree and accordingly dissent.
¶ 35. The notice sent to Bolivar County by Williams identified a Keith Toliver, Sunflower County Constable, as “the name of a person known to be involved.” The majority holds that, “The notice sent to Bolivar County Administrator Ray was sufficient to put Bolivar County on notice.” Majority Op. at 1199. In my view, this notice was wholly defective and considering Ray’s affidavit, I do not find that it contained sufficient information which would have served as a basis for Administrator Wanda Ray of Bolivar County to investigate a claim against a constable of Sunflower County supposedly named Keith Toliver. The information furnished was simply incorrect. The Tort Claims Act’s notice requirement is there for the purpose of giving the government agency involved the opportunity to investigate a claim by a plaintiff and further so that the appropriate officials may be notified. In fact, the notice given here is simply defective and was non-compliant with the Tort Claims Act. This is a factor to be considered and decided by the trial court. This Court has stated, “[W]e stressed that substantial compliance is not the same as, nor a substitute for, non-compliance and that the determination of substantial compliance is a legal, though fact-sensitive, inquiry which must be decided on an ad hoc basis.” Alexander v. Mississippi Gaming Comm’n, 735 So.2d 360, 363 (Miss.1999) (citing Carr, 733 So.2d at 265). This de *1203 fective and incorrect notice sent to the Bolivar County Administrator did not name an official, employee, or any other representative of Bolivar County. How could Ms. Ray have known that the Sunflower County Constable referred to as Keith Toliver was actually Bolivar County Constable, Samuel Keith Toliver? Her affidavit clearly provides the answer in the negative.
¶ 36. For these reasons, I respectfully dissent.